(No. 42367.—

THOMAS A. BRADY, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(County Telephone Company, Appellee.)

*Opinion filed May 27, 1970.*

470

J. C. SHUMAKER, of Olney, for appellant.

KEEFE & DE PAULI, of East St. Louis, for appellee.

Mr. JUSTICE BURT delivered the opinion of the court:

Thomas A. Brady filed a petition for adjustment of claim against County Telephone Company under the Workmen's Compensation Act. (Ill. Rev. Stat. 1967, ch. 48, par. 138.1 *et seq.*) The arbitrator's decision was against petitioner and in a decision on review, dated November 9, 1966, the Industrial Commission allowed the motion of respondent, County Telephone Company, to dismiss the petition for review for the reason that it was not filed within the time required by section 19 of the Workmen's Compensation Act, and ordered the petition for review dismissed.

A petition for a writ of *certiorari* to review the Industrial Commission order was filed in the circuit court of Edwards County, and on March 17, 1967, an order of the court was filed, dated March 8, 1967, sustaining and confirming the decision of the Commission. On March 28, 1967, petitioner filed a motion for rehearing and to vacate the order of March 8, 1967, less than 30 days after the order. Not until January 27, 1969, was this motion ruled upon and denied.

On February 26, 1969, petitioner filed a notice of appeal, almost two years after the date of the order of March 8, 1967. On motion, petitioner was given leave to file his *praecipe* for transcript of the record and report of proceedings at a specific late date. Respondent filed a motion to strike the notice of appeal and *praecipe,* which was allowed May 8, 1969, and petitioner appeals.

The provisions of section 19(f)(2) of the Workmen's Compensation Act are as follows: "Judgments and orders of the Circuit Court under this Act shall be reviewed only by the Supreme Court upon the filing of a Notice of Appeal. Such Notice of Appeal shall be filed with the Clerk of the Circuit Court within 30 days after the entry of the order of that Court. The time herein provided for the filing of the Notice of Appeal shall be jurisdictional and shall not be subject to any extension. Except as herein provided, the appeal shall be subject to statute or rules of the Supreme Court." Ill. Rev. Stat. 1967, ch. 48, par. 138, 19(f)(2).

This would seem to be clear and unambiguous language in itself.

Petitioner contends that a post-trial motion such as he filed here must be ruled upon before the time to appeal begins to run, in accordance with section 68.3 of the Civil Practice Act (Ill. Rev. Stat. 1967, ch. 110, par. 68.3) which reads:

"(1) In chancery cases and in cases at law tried without a jury, any party may, within 30 days after the entry of the decree or judgment, file a motion for a rehearing, or a retrial, or modification of the decree or judgment or to vacate the decree or judgment or for other relief. Neither the filing of nor the failure to file a motion under this section limits the scope of review.

"(2) A motion filed in apt time stays execution, and the time for appeal from the decree or judgment does not begin to run until the court rules upon the motion."

Rule 303(a) of the Supreme Court (Ill. Rev. Stat. 1969,

ch. 110A, par. 303(a)), relating to the time for filing notice of appeal reads as follows:

"(a) *Time*. Except as provided in paragraph (b) below, the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely post-trial motion directed against the judgment is filed, whether in a jury or a nonjury case, within 30 days after the entry of the order disposing of the motion. If a timely notice of appeal is filed and served by a party, any other party, within 10 days of service upon him, or within 30 days of the entry of judgment, whichever is later, may join in the appeal, appeal separately, or cross appeal by filing a notice of appeal."

Rule 303(b) now covers appeals in two special classes of cases: (1) forcible entry and detainer; and (2) local improvements, each of which is governed by special statutes.

Since these latter two classes are the only cases excluded from Rule 303(a), it is apparent that workmen's compensation cases are now considered in the same category as other civil cases for appeal purposes and the provisions of Rule 303(a) apply.

For an analysis of the rule making powers of this court in relationship to the provisions of the present article VI of the constitution, and statutory enactments specifying procedures in judicial matters see *People ex rel. Stamos* v. *Jones* (1968), 40 Ill.2d 62 wherein the court pointed out that "It is only with respect to direct appeals from the circuit court to this court that article VI authorizes legislative revision of rules adopted by this court. And in that instance the limitation upon the rule-making power of the court is clearly stated, for its rules are 'subject to law hereafter enacted.' "

In this case we interpret the provisions of the Workmen's Compensation Act prescribing that notice of appeal to the Supreme Court from the circuit court shall be filed

within 30 days after the entry of the order of that court to mean that a notice of appeal may be filed within 30 days of the entry of the order or within 30 days from the disposition of a timely post-trial motion. This is in accord with present day practice in almost all other actions, and will not seriously delay the finality of the decision.

It follows then that in this case the time to appeal did not begin to run until the disposition of the motion for rehearing, on January 27, 1969, and therefore filing of the notice of appeal on February 26, 1969, was within the 30-day limitation provided by the rules.

The order striking the notice of appeal and *praecipe* entered May 8, 1969, should be vacated.

*Reversed and remanded, with directions.*