ELECTRO-MOTIVE DIVISION, General Motors Corporation, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Margaret Jasko, Indiv. and as Guardian of Christina Jasko, *et al.*, Minors, Appellees).

First District (Industrial Commission Division)   No. 1—92—0762WC

Opinion filed July 30, 1993.

Alan C. Garrett, of Nyhan, Pfister, Bambrick & Kinzie, P.C., of Chicago, for appellant.

Brian J. McManus and Thomas J. Loucks, both of Brian J. McManus & Associates, Ltd., of Chicago, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

The employer, Electro-Motive Division, General Motors Corporation (Electro-Motive), appeals the order of the Industrial Commission (Commission) awarding penalties in the amount of $21,168.75 pursuant to section 19(k) of the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1989, ch. 48, par. 138.19(k)) and attorney fees in the amount of $14,233.75 pursuant to section 16 of the Act (Ill. Rev. Stat. 1989, ch. 48, par. 138.16). Electro-Motive contends the award of fees and penalties was against the manifest weight of the evidence because its failure to pay the award was not unreasonable and vexatious. We affirm.

On July 30, 1981, the employee, Joseph Jasko, sustained an accidental injury to his back while employed by Electro-Motive when an overhead drill fell on him. He filed an application for adjustment of claim on August 21, 1981. Jasko (decedent) died of unrelated causes

on May 13, 1984. Decedent's widow and two surviving children (claimants) filed an amended application for adjustment of claim on April 2, 1987.

On October 10, 1986, the arbitrator entered his decision awarding decedent 46³/₇ weeks of temporary total disability (TTD), $839 in medical expenses and $282.25 per week for 150 weeks pursuant to section 8(d)(2) of the Act (Ill. Rev. Stat. 1985, ch. 48, par. 138.8(d)(2)) for permanent partial disability (PPD) to the extent of 30% of the man as a whole.

Electro-Motive filed a petition for review and a petition pursuant to section 19(h) of the Act (Ill. Rev. Stat. 1985, ch. 48, par. 138.19(h)) on April 2, 1987. Electro-Motive alleged in the section 19(h) petition that as of the date of decedent's death, its obligation to pay PPD pursuant to section 8(d)(2) of the Act ended. Electro-Motive contended that, under section 8(d)(2), there was no provision providing that this type of disability award survives the death of the claimant.

The Commission conducted a hearing on April 2, 1987, noting it was a hearing under section 19(h) of the Act pursuant to Electro-Motive's petition and a cross-review of the arbitrator's award. The death certificate of decedent was admitted into evidence. As of this date, Electro-Motive had made no payment on this award. Also at this time, claimants filed a notice of motion for attorney fees and penalties, a petition for penalties and attorney fees and an amended application for adjustment of claim.

A discussion occurred at this hearing on whether the Commission could combine a hearing on Electro-Motive's section 19(h) petition and the cross-review of the arbitrator's award. Claimants contended the section 19(h) petition was premature because there was no final decision by the Commission on the matter. Electro-Motive alleged the hearings could be combined because decedent's disability ended with his death, terminating its liability. Commissioner Cooke concluded the Commission could hear the matters at the same time only if the evidence established Electro-Motive's obligation to PPD ended with decedent's death.

On April 20, 1989, the Commission entered its decision. It affirmed the arbitrator's award and found that Electro-Motive's section 19(h) petition was premature since it was filed before the review process was completed. No appeal of that decision by the Commission was taken. On May 25, 1989, Electro-Motive paid a portion of the award, including the 46³/₇ weeks of TTD, the medical expenses and the PPD award through the date of decedent's death.

On July 13, 1989, claimants filed a motion for penalties under sections 19(k) and 19(l) of the Act (Ill. Rev. Stat. 1989, ch. 48, par. 138.19(l)) and attorney fees under section 16 of the Act for Electro-Motive's failure to pay the entire award. Although no transcript appears in the record, the parties contend that on July 20, 1989, claimants' motion was presented to Commissioner Cooke. On this date, Electro-Motive filed its response to that motion for penalties and attorney fees and filed an amended section 19(h) petition. The record on appeal does contain a file-stamped copy of the amended section 19(h) petition dated July 20, 1989.

On February 8, 1990, a notice of predecision memorandum on review was filed containing the following notation: "The decision on petition for penalties award 19(k) of 21,168.75 and section 16 of 14,233.75." Electro-Motive sent a letter by messenger to the Commission on February 22, 1990, noting the notice of predecision and requesting the Commission to issue a notice of decision on the amended section 19(h) petition at the earliest possible date so that the full written decision would contain reasons for ruling on both matters.

On October 25, 1990, the Commission entered a decision on claimants' petition for attorney fees and penalties. The Commission, after considering the entire record, concluded claimants were entitled to $14,233.75 in attorney fees under section 16 of the Act and $21,168.75 for additional compensation under section 19(k) of the Act.

The Commission found that on or about May 25, 1989, Electro-Motive elected not to appeal the decision of the Commission affirming the arbitrator's award but instead paid a portion of the award. The court further found that as of February 22, 1990, Electro-Motive had failed to pay the award as provided by the April 20, 1989, decision of the Commission and this failure to pay the award was unreasonable and vexatious. Accordingly, the Commission awarded the above-mentioned attorney fees and penalties. This decision made no explicit mention of Electro-Motive's amended section 19(h) petition except the general notation that it had considered "the entire record."

On January 31, 1992, the circuit court of Cook County confirmed the Commission's decision. Electro-Motive timely filed its notice of appeal.

Section 16 of the Act provided, in pertinent part:

"Whenever the Commission shall find that the employer, his or her agent, service company or insurance carrier has been guilty of delay or unfairness towards an employee in the adjustment, settlement or payment of benefits due such employee *** or has been guilty of unreasonable or vexatious delay, inten-

tional under-payment of compensation benefits, or has engaged in frivolous defenses which do not present a real controversy, within the purview of the provisions of paragraph (k) of Section 19 of this Act, the Commission may assess all or any part of the attorney's fees and costs against such employer and his or her insurance carrier." (Ill. Rev. Stat. 1989, ch. 48, par. 138.16.)

Section 19(k) of the Act stated:

"In case where there has been any unreasonable or vexatious delay of payment or intentional underpayment of compensation, or proceedings have been instituted or carried on by the one liable to pay the compensation, which do not present a real controversy, but are merely frivolous or for delay, then the Commission may award compensation additional to that otherwise payable under this Act equal to 50% of the amount payable at the time of such award." Ill. Rev. Stat. 1989, ch. 48, par. 138.19(k).

■ Where a delay has occurred in payment of workers' compensation benefits, the employer bears the burden of justifying the delay. The test is whether the employer's reliance was objectively reasonable under the circumstances. (*Crockett v. Industrial Comm'n* (1991), 218 Ill. App. 3d 116, 121, 578 N.E.2d 140, 143.) Courts have refused to assess penalties under section 19(k) of the Act where the evidence indicates that the employer reasonably could have believed that the employee was not entitled to the withheld compensation. The standard an employer is held to is one of objective reasonableness in its belief. Thus, it is not good enough to merely assert honest belief that the employee's claim is invalid or that his award is not supported by the evidence; the employer's belief is "honest" only if the facts which a reasonable person in the employer's position would have would justify it. *Board of Education v. Industrial Comm'n* (1982), 93 Ill. 2d 1, 9-10, 442 N.E.2d 861, 865.

■ Whether the employer's conduct justifies the imposition of penalties is to be considered in terms of reasonableness. (*McKay Plating Co. v. Industrial Comm'n* (1982), 91 Ill. 2d 198, 209, 437 N.E.2d 617, 623.) Whether an employer has acted reasonably in refusing to pay benefits is to be decided on a case-by-case basis and is a question of fact. A reviewing court will not disturb the Commission's determination in that regard unless it is contrary to the manifest weight of the evidence. *Crockett*, 218 Ill. App. 3d at 121-22, 578 N.E.2d at 143.

Electro-Motive contends the Commission's decision granting the motion for attorney fees and penalties was against the manifest

weight of the evidence. It alleges it has made a "good faith" and reasonable challenge to its liability to pay compensation past the date of decedent's death. Its challenge to its liability to pay the remaining part of the award is based on the assertion that under section 19(h) of the Act, decedent's disability "ended" with his death and thus relieved Electro-Motive of its obligation to pay any PPD benefits past that date.

We will first address the issue of whether awards made under section 8(d)(2) of the Act survive the death of the claimant when such death is unrelated to the accidental injury.

There are three sections of the Act which are crucial to the resolution of this issue. First, section 19(h) of the Act provides:

"[A]s to accidents occurring subsequent to July 1, 1955, which are covered by any agreement or award under this Act providing for compensation in installments made as a result of such accident, such agreement or award may at any time within 30 months after such agreement or award be reviewed by the Commission at the request of either the employer or the employee on the ground that the disability of the employee has subsequently recurred, increased, diminished or ended." (Ill. Rev. Stat. 1989, ch. 48, par. 138.19(h).)

Section 8(e)(19) of the Act provides:

"In a case of specific loss and the subsequent death of such injured employee from other causes than such injury leaving a widow, widower, or dependents surviving before payment or payment in full for such injury, then the amount due for such injury is payable to the widow or widower and, if there be no widow or widower, then to such dependents, in the proportion which such dependency bears to total dependency." (Ill. Rev. Stat. 1989, ch. 48, par. 138.8(e)(19).)

Finally, section 8(h) of the Act provides:

"In case death occurs from any cause before the total compensation to which the employee would have been entitled has been paid, then in case the employee leaves any widow, widower, child, *** such compensation shall be paid to the beneficiaries of the deceased employee and distributed as provided in paragraph (g) of Section 7." Ill. Rev. Stat. 1989, ch. 48, par. 138.8(h).

Electro-Motive first notes that section 8(e)(19) of the Act refers to a specific loss and, thus, by its own terms is limited to those kinds of cases. It further notes that there is no analogous provision applicable to section 8(d)(2) of the Act, and thereby concludes this section pro-

vides no support for the contention that liability to pay the award did not end with decedent's death.

Next, Electro-Motive contends that sections 19(h) and 8(h) of the Act must be read together. Electro-Motive focuses on the phrase "the total compensation to which the employee would have been entitled" in section 8(h). Electro-Motive reasons that, pursuant to section 19(h), and specifically the phrase referring to the disability "ending," if the week before decedent's death, his disability had ended, he would not have been entitled to the rest of the compensation. Electro-Motive draws an analogy by asserting that what actually happened here is that the disability "ended" because of decedent's death. Electro-Motive contends because of decedent's death, he was not "entitled to any compensation" after his death, since his disability "ended," and thus section 8(h) of the Act does not apply.

Section 8(h) of the Act is clear and unambiguous. The language of that section provides that benefits, to which the employee would have been entitled, but for his death, are to be paid to the employee's survivors upon his death from any cause. Electro-Motive alleges decedent's disability ended upon his death. Decedent would have been entitled to the remaining weeks of PPD had he not died, assuming nothing else had occurred to change the status of the disability. Electro-Motive offered no evidence to suggest that but for his untimely death, decedent's disability would not have continued for the entire 150 weeks of the award. Thus, Electro-Motive's argument that section 19(h) applies because decedent was not entitled to the full 150 weeks of PPD because his disability ended with his death is erroneous.

Therefore, the imposition of penalties and attorney fees was warranted in this instance. First, Electro-Motive attempted to avoid the plain language of section 8(h) by using section 19(h) to argue that decedent was not entitled to the compensation after his death because of the "ending" of his disability. Rather than appeal the Commission's decision affirming the arbitrator's award, Electro-Motive elected to pay a portion of the award, file an amended section 19(h) petition and attempt to reduce its amount of liability in that manner. Electro-Motive could have appealed the Commission's award and alleged as an issue on appeal that its obligation to pay the PPD ended with decedent's death. Electro-Motive tried to circumvent the language of section 8(h) by throwing in the language of section 19(h) when it appears not to be an appropriate way to challenge its liability.

■ Electro-Motive ignored the language of section 8(h). Respondent did not seek review of the Commission's April 20, 1989, decision; did not seek review of the Commission's determination that the 19(h)

petition filed on February 27, 1987, was premature; and did not file its amended section 19(h) petition until July 20, 1989, after claimants had filed the petition for penalties. These actions in themselves do not indicate an objective reasonable belief that the delay in payment was reasonable. The Commission's imposition of attorney fees and penalties was not against the manifest weight of the evidence.

Because of our decision in this matter, we need not resolve the issue raised by claimants of whether the propriety of the amended section 19(h) petition is properly before this court.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

RAKOWSKI, WOODWARD, SLATER, and RARICK, JJ., concur.