EMMA SCOTT, Wife and Widow of Hughie Scott, Jr., Deceased, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Travelers Insurance Company, Appellee).—EMMA SCOTT, Wife and Widow of Hughie Scott, Jr., Deceased, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Travelers Insurance Company, Appellee)—EMMA SCOTT, Wife and Widow of Hughie Scott, Jr., Deceased, Appellee, v. THE INDUSTRIAL COMMISSION *et al.* (Travelers Insurance Company, Appellant).

Second District   Nos. 2—96—0805WC, 2—96—0969WC,
2—96—1037WC cons.

Opinion filed August 13, 1997.—Rehearing denied November 17, 1997.

Lawrence A. Scordino, of Chicago, for Emma Scott.

Ralph W. Miller, Jr., of Law Office of Francis J. Discipio, Ltd., of Oak Brook, for Travelers Insurance Company.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Claimant Emma Scott and Travelers Insurance Company (Travelers) appeal separately from an order of the circuit court of Du Page County confirming a decision of the Illinois Industrial Commission (Commission) awarding additional compensation and attorney fees to claimant for an insufficient tender of an earlier award by Travelers.

The issues are whether (1) this court has jurisdiction of the "cross-appeal" (appeal) of Travelers, which claimant contends was untimely; (2) the Commission improperly denied Travelers' requests to determine amounts due under its July 15, 1992, decision and for allocation of funds; and (3) the assessment of additional compensation pursuant to section 19(k) of the Workers' Compensation Act (Act) and attorney fees under section 16 of the Act (820 ILCS 305/19(k), 16 (West 1994)) was against the manifest weight of the evidence because (a) the petitions filed by Travelers were not frivolous and presented a real controversy; (b) the Commission should have calculated the additional compensation and attorney fees based on the entire 1992 award plus interest under the theory that the proceedings were frivolous and that there was an intentional underpayment of the award; (c) burial expenses under section 7(f) of the Act (820 ILCS 305/7(f) (West 1994)) should have been included in the compensation of additional penalties and attorney fees; (d) previously awarded section 19(k) and section 19(l) (820 ILCS 305/19(k), (l) (West 1994)) additional compensation should not have been included in the computation of the section 19(k) and section 16 attorney fees in this proceeding; and (e) there was a mathematical error in calculating the amount of the award due at the time of the underpayment by Travelers. We affirm.

Prior to oral arguments, claimant moved to strike those portions of Travelers' appellee's brief referring to a January 15, 1993, order of

the circuit court of Cook County in case No. 87—L—22400 instituted by Dartha Osley, administrator of the estate of Hughie Scott. That order distributed and approved a settlement in the amount of $438,557.05 as a result of a third-party action. Travelers points to that order as the reason for instituting new proceedings before the Commission to determine not only the correct amount of the 1992 awards by the Commission to claimant, but also to allocate some of the $438,557.05 as a credit against the 1992 awards. As a result, Travelers argues its delay in payment was not frivolous.

In support of her motion, claimant cites *Chambers v. Industrial Comm'n*, 139 Ill. App. 3d 550, 552, 487 N.E.2d 1142, 1144 (1985), which stated that matters outside the record before the Commission are not properly before this court. Travelers responds that it quoted this order in its petition to the Commission for allocation and would have presented the order as evidence had the Commission not summarily denied it the opportunity to present evidence.

Since Travelers is not trying to supplement the record on appeal, but is only referring to the order as part of a factual situation in support of the same argument made to the Commission, the motion to strike is denied. However, this court will consider only matters of record.

The underlying workers' compensation proceedings involved multiple claims filed by Emma Scott, wife and next friend and/or widow of Hughie Scott, Jr. (claimant), and Dartha Osley, administrator of the estate of Hughie Scott, Jr. Respondents were Illinois Wrecking Company (employer-subcontractor), Capitol Construction Group, a division of Capitol Construction Companies, Inc. (general contractor), and Travelers. The Commission issued two corrected decisions on July 15, 1992. In case No. 92—IIC—0728, dealing with claim No. 86—WC—17126, the Commission noted it had found the employer was insured by Travelers in the companion case (No. 92—IIC—0727) and determined claimant was entitled to the following: temporary total disability (TTD) in the amount of $266.67 per week for $6^5/7$ weeks; $186,435.84 medical expenses; $895.21 in section 19(k) additional compensation from Travelers; $2,500 in section 19(l) additional compensation from Travelers; and $358.08 in section 16 attorney fees from Travelers. 820 ILCS 305/8(b), 8(a), 19(k), 19(l), 16 (West 1992). The Commission dismissed Osley as a party. In the companion case (No. 92—IIC—0727), dealing with claim Nos. 86—WC—21114, 86—WC—21115, 86—WC—39382, 86—WC—39383, 86—WC—39384, and 86—WC—39385, the Commission explained fully why it found no cancellation of Travelers' policy because of underpayment of a premium by the employer. The Commission also explained

that no award to the estate was permissible where the widow had filed an application for adjustment of claim and dismissed Nos. 86—WC—39382, 86—WC—39383, and 86—WC—39384. The Commission further awarded claimant $32,857.61 additional compensation under section 19(k) and $13,143.04 attorney fees under section 16 from Travelers, $1,750 for burial expenses under section 7(f) of the Act, and a lifetime surviving widow's benefit of $266.67 per week pursuant to section 7(a) of the Act. 820 ILCS 305/7(f), (a) (West 1992).

The circuit court of Kane County confirmed the Commission's decision. This court affirmed. *Scott v. Industrial Comm'n*, Nos. 2—93—1110WC, 2—93—1171WC, 2—93—1172WC cons. (August 9, 1994) (unpublished order under Supreme Court Rule 23).

On December 23, 1994, Travelers filed with the Commission a petition for leave to file a special and limited appearance to present two motions. Travelers asked the Commission to interpret its earlier decision issued in 1992 and for a credit for and the issuance of an equitable lien in the proceeds of the third-party wrongful death action. Claimant filed a petition for additional compensation and attorney fees.

The Commission observed that Travelers was not a participant in the January 15, 1993, settlement of the third-party action because it had voluntarily withdrawn its lien, claiming it had no liability in the workers' compensation case, and failed to refile a lien after the Commission decisions in 1992. The settlement in the third-party action included $139,787.50 medical expenses and $3,000 funeral expenses. Distribution was made to the estate and the next of kin.

The Commission found that, as of December 14, 1994, the total amount due on the 1992 Commission awards, including section 19(n) interest, was $430,723.36. On December 12, 1994, Travelers tendered to claimant a check in the amount of $281,259.34 with a calculation sheet showing credits claimed, including those for amounts paid in the settlement of the third-party action. Travelers also denied liability for additional compensation and attorney fees in two of the workers' compensation cases, as well as section 19(n) (820 ILCS 305/19(n) (West 1994)) interest on awards made by the arbitrator directly against it, which the Commission later affirmed. In response to claimant's motion, Travelers stated it did not make full payment on December 12, 1994, because (1) it would be unreimbursable if it was later determined that Travelers was entitled to a credit and (2) it had covered all the compensation due under the Act. Travelers contended it could not protect its lien in the third-party action and deny jurisdiction and liability in the workers' compensation cases because, by maintaining the lien, the Commission could construe it as a judicial

admission that Travelers was subject to the Commission's jurisdiction. Travelers asked the Commission to allocate amounts distributed in the third-party action.

Since Travelers was already a proper party, the special and limited appearance was denied, but the Commission allowed Travelers to file its petitions. The petition for interpretation of the 1992 decisions was denied because the decisions were not ambiguous. The petition for credit was denied because (1) the Act and Commission rules did not give the Commission jurisdiction for such a determination of credit and (2) the circuit court, not the Commission, was the proper forum for determining credit for funds received in settlement of third-party actions. The Commission awarded claimant $86,553.87 in additional compensation pursuant to section 19(k) and $17,310.77 attorney fees.

Claimant and Travelers sought judicial review in the circuit court of Du Page County in case Nos. 95—MR—0641 and 95—MR—0754, which were consolidated. On June 13, 1996, the circuit court confirmed the Commission's decision. Claimant filed a notice of appeal on July 8, 1996. Travelers filed a motion for reconsideration on July 11, 1996, and a supplemental motion for reconsideration on July 12, 1996. Claimant filed a motion to strike Travelers' motion for reconsideration and a motion for sanctions. After Travelers filed a reply, the circuit court denied claimant's motions to strike and for sanctions and denied Travelers' motion for reconsideration, all on July 29, 1996. Claimant filed another notice of appeal on August 14, 1996. Travelers filed a "NOTICE OF APPEAL" on August 28, 1996, and "NOTICE OF CROSS-APPEAL (AMENDED)" on October 19, 1996. In determining the timeliness of Travelers' appeal, its notice of appeal and notice of cross-appeal are controlled by the same time limitations.

Travelers filed a timely notice of appeal August 28, 1996, following denial of the motion for reconsideration by the circuit court. 155 Ill. 2d R. 303(a)(3). However, claimant argues that there is no authority for filing a motion for reconsideration in the circuit court in workers' compensation judicial review cases and, therefore, the notice of appeal filed by Travelers was not timely.

■ In workers' compensation cases, the circuit court exercises special statutory jurisdiction and has only the powers conferred by section 19(f) of the Act. *Hartlein v. Illinois Power Co.*, 151 Ill. 2d 142, 158, 601 N.E.2d 720, 727 (1992); 820 ILCS 305/19(f) (West 1994). Section 19(f)(2) provides that appeals from the circuit court to the Industrial Commission Division of the Appellate Court shall be in accordance with Supreme Court Rules 22(g) and 303. 820 ILCS 305/

19(f)(2) (West 1994); 145 Ill. 2d R. 22(g); 155 Ill. 2d R. 303. Rule 303(a) discusses the time for filing a notice of appeal from a judgment of the circuit court in all civil cases. 155 Ill. 2d R. 303(a). As provided in Rule 303(a), a timely posttrial motion directed against the judgment of the circuit court, whether in a jury or nonjury case, affects the time for filing the notice of appeal such that it must be filed within 30 days after the disposition of the motion, and the filing of a premature notice of appeal has no effect. 155 Ill. 2d Rs. 303(a)(1), (a)(2).

One of the purposes of a motion for reconsideration is to bring to the circuit court's attention possible errors in that court's previous application of existing law. *Gardner v. Navistar International Transportation Corp.*, 213 Ill. App. 3d 242, 248, 571 N.E.2d 1107, 1111 (1991).

■ In *Brady v. Industrial Comm'n*, 45 Ill. 2d 469, 472-73, 259 N.E.2d 272, 273-74 (1970), the filing of a notice of appeal two years after the circuit court order confirming the Commission's decision was timely because it was filed within 30 days of the circuit court's order disposing of a timely filed motion for rehearing and to vacate the order. Although the language in section 19(f)(2) of the Act has been amended since *Brady*, it is now even more conducive to the procedure employed in this case than the language at the time of *Brady*. See *Brady*, 45 Ill. 2d at 471, 259 N.E.2d at 273. The filing of a motion for reconsideration in the circuit court is authorized under the Act, and Travelers' notice of appeal was timely filed.

■ The next issue is whether the Commission improperly denied Travelers' request to determine amounts due under its July 15, 1992, decision and Travelers' request for allocation of funds. Travelers argues that, although there is no specific authority authorizing the Commission to entertain an employer's request to determine amounts due under an earlier Commission decision, the Commission has that authority because it has to make such a determination before calculating the amount of "penalties." In the absence of the citation of any legal authority by Travelers, this court need not consider this contention. *Jiffy Lube International, Inc. v. Agarwal*, 277 Ill. App. 3d 722, 725, 661 N.E.2d 463, 466 (1996).

The Commission found Travelers' request to be frivolous. It is difficult to see any purpose in making such a request except for delay, unless it is made in conjunction with some other, permissible request, such as for penalties.

Travelers did make a request for allocation of amounts included in the award against amounts paid in the third-party wrongful death settlement. In finding it had no jurisdiction to make such an alloca-

tion, the Commission relied on *Freer v. Hysan Corp.*, 108 Ill. 2d 421, 484 N.E.2d 1076 (1985).

In *Freer*, the Supreme Court of Illinois decided the question of "how an employer who is required by an order of the Industrial Commission to compensate an injured employee is to be credited or reimbursed for future payments when the employee receives an award or settlement from a related action against a third party." *Freer*, 108 Ill. 2d at 422, 484 N.E.2d at 1077. The employee sued third parties, and the employer intervened to protect its lien under the Act. When the case was settled, the employer moved to enforce its lien. The employee argued that the proper forum to modify the award was the Commission, not the circuit court. *Freer*, 108 Ill. 2d at 423, 484 N.E.2d at 1078. The supreme court observed the Act "does not envisage any role for the Industrial Commission in the protection of the employer's right of reimbursement." *Freer*, 108 Ill. 2d at 426, 484 N.E.2d at 1079. The supreme court concluded that the responsibility for protecting the employer's reimbursement rights lien was the court, not the Commission. *Freer*, 108 Ill. 2d at 426, 484 N.E.2d at 1079.

Travelers relies on *Selleck v. Industrial Comm'n*, 233 Ill. App. 3d 17, 598 N.E.2d 443 (1992). In *Selleck*, about six months after the satisfaction of a Colorado judgment against a third-party tortfeasor, the employee filed an application for adjustment of claim. In the absence of a determination by the Commission of entitlement to compensation by the employee from the employer, an assertion by the employer of a lien in the third-party action would have been without basis and premature. This court held the Commission was a proper forum to determine the employer's right to reimbursement under the circumstances. *Selleck* reasoned that the language in *Freer* about the statute not envisaging a role for the Commission was *dicta* since the issue in *Freer* was whether the circuit court had jurisdiction and not whether the Commission may have had concurrent jurisdiction. *Selleck*, 233 Ill. App. 3d at 19-20, 598 N.E.2d at 444-45.

Travelers readily admits the fact situation in this case is different from either *Freer* or *Selleck*. Travelers did not use the procedure approved in either *Freer* or *Selleck*. Travelers could have enforced its lien in the third-party wrongful death action, but refusing to believe there was the possibility of liability on its part, it withdrew its lien and never reinstated it. It is noted that here the third-party lawsuit was filed in 1987 and settled January 15, 1993. The first Commission decisions were entered July 15, 1992, confirmed by the circuit court on September 1, 1993, and affirmed by this court on August 9, 1994. Travelers failed to assert any claim for "set off" before the Commis-

sion until after the Commission's award was upheld on appeal and became final.

*Selleck* is distinguishable from this case because in *Selleck* the issue of the employer's credit was properly raised in the adjustment of claim proceeding before the Commission. This case, as the Commission found, is more like *Freer*, where there was an award on the claim before the third-party action was settled. The Commission determined that, under those circumstances, the circuit court was the appropriate forum in which to seek the employer's credit against the third-party settlement. The Commission determined that the Act and its rules provided no procedure whereby Travelers could go back to the Commission after an award had become final to seek a modification of the award based on the settlement of a third-party action. Travelers has cited no statutory or case authority to the contrary. The Commission's interpretation of the Act and its rules, although not controlling on this court, is entitled to deference and was not arbitrary or capricious. To allow the procedure recommended by Travelers would promote delay in payment of awards to injured employees where a third-party action is pending. That result would be inconsistent with the purpose of the Act.

The parties were given leave of court to address the application of the Act to protect an employer. Section 5 of the Act provides for payment to an employer, the amount of compensation paid, from the judgment or settlement of the third-party lawsuit. 820 ILCS 305/5 (West 1994). The employer is responsible subject to certain limitations for its *pro rata* share of all costs and necessary expenses in connection with the claim. Section 5(b) of the Act does require that the claimant notify the employer of the action and allows the employer to join in the action. 820 ILCS 305/5(b) (West 1994). There is no suggestion that the employer did not know of the pending third-party suit. It suggests it did file the appropriate motion in the third-party suit and later withdrew as a possible lienholder in that case.

The express language of section 5(b) of the Act allows for the enforcement of the lien in the circuit court in which the third-party action pends. Nowhere does section 5(b) say anything about the Commission enforcing the lien. None of the cases cited by Travelers is an appeal from a decision of the Industrial Commission. All involved enforcement of liens in the courts. Nor do the cases cited by claimant relate directly to the question of whether the Commission has jurisdiction in this case. The Commission was correct in determining it did not have jurisdiction to enforce any lien.

We decline to address the issue further. Whether Travelers waived any lien and its participation in the third-party action was

optional was not properly before the Commission and is not properly before this court. As stated heretofore, there is no statutory provision authorizing the Commission to enforce the lien.

■ Finally, we consider whether the assessment of additional compensation pursuant to section 19(k) of the Act and attorney fees under section 16 of the Act was against the manifest weight of the evidence. Section 19(k) provides for three separate grounds for awarding additional compensation: (1) unreasonable or vexatious delay of payment of compensation; (2) intentional underpayment of compensation; and (3) the party liable for paying compensation institutes or carries on proceedings that do not present a real controversy but are merely frivolous or for delay. 820 ILCS 305/19(k) (West 1994). The reviewing court will not disturb the Commission's determination on the presence of grounds for awarding section 19(k) additional compensation unless contrary to the manifest weight of the evidence. *Miller v. Industrial Comm'n*, 255 Ill. App. 3d 974, 980, 627 N.E.2d 676, 680 (1994); *Electro-Motive Division v. Industrial Comm'n*, 250 Ill. App. 3d 432, 436, 621 N.E.2d 145, 148 (1993). Attorney fees may be awarded when awarding additional compensation under section 19(k) is appropriate. 820 ILCS 305/16 (West 1994).

■ Here, the Commission found that Travelers' petitions for interpretation of the 1992 decisions and for allocation of credit based on the third-party settlement were frivolous. The Commission found its earlier decisions were not ambiguous and required no interpretation and that there was no statutory provision providing for the allocation of credit as Travelers sought. The Commission could have found that Travelers intentionally underpaid compensation since Travelers admittedly tendered a check in an amount that reduced the award by the credits it claimed as a result of the settlement of the third-party action.

Claimant initially argues that she was entitled to double recovery of 50% additional compensation under section 19(k) of the Act because she established two grounds for recovery. We disagree. Although section 19(k) provides a number of different circumstances that would trigger an award for additional compensation, the fact that more than one such situation is present does not entitle claimant to double recovery of additional compensation. The injury to claimant, being the withholding of due compensation, is a single injury regardless that the causes for the injury may be classified under more than one statutory ground for awarding additional compensation. As a result, claimant is not entitled to more than 50% additional compensation under section 19(k).

Travelers argues that the proceedings it instituted were not friv-

olous because they were authorized by statute. As already discussed, the proceeding instituted by Travelers was not authorized and the Commission could reasonably find that Travelers instituted that proceeding merely for delay. The Commission's decision as to the existence of grounds for the award of additional compensation is not against the manifest weight of the evidence.

■ Another dispute in this appeal is what parts of the 1992 awards may be included in the base amount for the calculation of section 19(k) additional compensation and section 16 attorney fees. Claimant argues that the Commission should have based its award of additional compensation and attorney fees on the entire amount of the original award, including medical expenses and burial expenses. Travelers argues that burial expenses, medical expenses, and previously awarded additional compensation should not be included in the base amount. In the earlier appeal, this court upheld the Commission's award of additional compensation, the computation for which did not include medical and burial expenses. *Scott*, Nos. 2—93—1110WC, 2—93—1171WC, 2—93—1172WC, slip order at 9. This is the law of the case. *Kennedy v. First National Bank*, 259 Ill. App. 3d 560, 563, 631 N.E.2d 813, 815-16 (1994).

Section 19(k) authorizes the Commission to award additional compensation "equal to 50% of the *amount payable at the time of such award*." (Emphasis added). 820 ILCS 305/19(k) (West 1994). The basis for the conclusion that medical expenses and burial expenses are not part of the calculation is that they are not "compensation." *Childress v. Industrial Comm'n*, 93 Ill. 2d 144, 148-51, 442 N.E.2d 841, 843-44 (1982). See also *Burd v. Industrial Comm'n*, 207 Ill. App. 3d 371, 380-81, 566 N.E.2d 35, 41-42 (1991). The Commission is limited in its authority to award additional compensation by the statute, which has already been interpreted to mean that the calculation of additional compensation is based on "compensation," not including medical and burial expenses.

Travelers argues that the Commission should not have included previously awarded "penalties" in its computation of the additional compensation of attorney fees imposed in this proceeding.

Sections 19(l) and 19(k) of the Act do not refer to "penalties" but to "additional compensation." As a result, the awards under these sections are "compensation" and are includable in the calculation for further violations of these provisions.

Both claimant and Travelers argue that the Commission miscalculated the amount of the 1992 award that was due as of December 14, 1994. The circuit court did not address the question of whether there was a miscalculation in the amount of the 1992 awards due in

December 1994. The parties' mathematical error arguments have no merit. Claimant and Travelers argue that the Commission erred in calculating the total amount due as of December 14, 1994, at $430,723.36, based primarily on a miscalculation of the interest. The Commission did not use interest in its determination of additional compensation and attorney fees, which is the judgment on review. As a result, it is unnecessary to decide the question of the total amount of the 1992 awards due as of December 1994. Whether or not the correct amount due was $430,723.36, this finding by the Commission was only needed to demonstrate the significant deficiency in the tender by Travelers.

Claimant's motion to strike Travelers' brief is denied. The order of the circuit court of Du Page County confirming the decision of the Commission is affirmed.

Affirmed.

RAKOWSKI, COLWELL, HOLDRIDGE, and GOLDENHERSH, JJ., concur.