AMERICAN AIRLINES, Appellee, v. THE INDUSTRIAL COMMISSION *et al.* (Anne Hennessy, Appellant).

First District (Industrial Commission Division)    No. 1—01—1545WC

Opinion filed February 14, 2002.—Rehearing denied March 21, 2002.—Modified opinion filed March 28, 2002.

Peter N. Stein, of Lincolnshire, and Robert J. Smoler, of Goldstein, Fishman, Bender & Romanoff, of Chicago, for appellant.

Mark F. Slavin and Robert W. Dean, both of Slavin & Slavin, of Chicago, for appellee.

JUSTICE RARICK delivered the opinion of the court:

Claimant, Anne Hennessy, sought benefits pursuant to the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 1996)) for injuries sustained while in the employ of American Airlines. On August 20, 1993, Hennessy filed an application for adjustment of claim (No. 93WC44523) arising from a back injury she sustained on June 29, 1991. On August 20, 1996, she filed a claim (No. 96WC44689) arising from a second back injury she sustained on April 24, 1996. The arbitrator entered her decisions on May 21, 1998. In both cases, the arbitrator awarded medical expenses and temporary total disability (TTD) benefits, but declined to impose penalties or assess attorney fees. Both parties appealed. Hennessy filed her petition for review on June 9, 1998. The Industrial Commission (Commission) consolidated the cases for review.

■ Prior to the parties filing their petitions for review before the Commission, our supreme court issued its opinion in *McMahan v. Industrial Comm'n*, 183 Ill. 2d 499, 702 N.E.2d 545 (1998), wherein it held that sections 19(k) and 16 of the Act did not preclude the imposition of penalties and the assessment of attorney fees for unreasonable and vexatious delay in paying medical expenses.

Hennessy filed her statement of exceptions and supporting brief on July 30, 1999. In it Hennessy argued, *inter alia*, that American Airlines' "failure to pay temporary total disability benefits and the withholding of medical services *** [were] unreasonable and produced a vexatious delay in [Hennessy's] receipt of compensation." Hennessy further argued that she was "entitled to penalties pursuant to section 19(k) of the Act for 50% of the amount payable on this award." She also sought section 19(l) penalties and attorney fees pursuant to section 16.

On October 27, 1999, the Commission filed its decision and opinion on review. In No. 93WC44512, the Commission affirmed and adopted the decision of the arbitrator. In No. 96WC44689, the Commission modified the arbitrator's decision, finding that Hennessy was entitled to additional TTD benefits and medical expenses. The Commission further found that American Airlines' conduct was "unreasonable and vexatious" and that Hennessy was entitled to penalties and fees. Noting that Hennessy requested penalties only on the unpaid TTD benefits, however, the Commission calculated the amount of penalties and fees as follows:

Section 19(k)—$31,404.54 (unpaid TTD benefits) x .5 = $15,702.27

Section 16—$15,702.27 x .2 = $3,140.45
Section 19(l)—$2,500

Both parties filed section 19(f) petitions requesting the Commission to recall its decision and correct a computational error. American Airlines argued that it had made additional payments after arbitration and that the amount of TTD benefits upon which the Commission calculated penalties and fees was erroneous. In her petition, Hennessy argued that in her statement of exceptions and supporting brief in No. 96WC44689 she specifically argued that American Airlines' withholding of medical services was unreasonable and vexatious and requested section 19(k) penalties on the amount payable on the award.

The Commission denied both parties' petitions, finding that no clerical or computational error had been made. With respect to Hennessy's argument, the Commission stated that it had chosen not to apply *McMahan* retroactively and therefore did not include medical benefits in its calculation of penalties and fees.

Hennessy filed her petition for judicial review in the circuit court of Cook County on December 17, 1999. In her brief, Hennessy argued that the Commission erred in failing to apply *McMahan* retroactively. She again noted that in her statement of exceptions and supporting brief before the Commission, she had requested that penalties be awarded on both TTD and medical expenses. The circuit court confirmed the decision of the Commission, finding that because *McMahan* expressly overruled *Childress v. Industrial Comm'n*, 93 Ill. 2d 144, 442 N.E.2d 841 (1982), it represented a change in the law and therefore should be given prospective application only.

On appeal, Hennessy argues that the Commission erred in refusing to apply *McMahan* retroactively and therefore failed to consider her medical expenses when it calculated the amount of section 19(k) penalties and section 16 attorney fees.

Initially, we note that in reviewing Hennessy's statement of exceptions and supporting brief filed before the Commission, it appears that Hennessy did request penalties and fees be assessed on the medical expense award as well as the TTD award. She argued that American Airlines' "failure to pay temporary total disability benefits and the withholding of medical services" was unreasonable and had resulted in a vexatious delay in her receipt of "compensation." She requested section 19(k) penalties equal to 50% "of the amount payable of this award." The Commission's finding that Hennessy requested penalties calculated only on the unpaid TTD is incorrect.

American Airlines argues that the Commission made a factual determination that penalties were not warranted and that such determination was not contrary to the manifest weight of the evidence. The

language the Commission used in its original decision and in its denial of Hennessy's section 19(f) petition clearly refutes this argument. Although the arbitrator, in No. 96WC44689, found as a matter of fact that American Airlines' conduct was not unreasonable or vexatious and that penalties and fees were therefore not warranted, the Commission, in No. 96WC44689, did not adopt these findings. In this case the Commission made a factual finding that American Airlines' conduct was unreasonable and vexatious. The Commission declined to include medical expenses in its calculation because it erroneously thought that Hennessy was not seeking penalties on that part of the award. In its denial of Hennessy's section 19(f) petition, the Commission stated that it "chose not to apply *McMahan*[ ] retroactively and therefore did not include medical benefits in its calculation of penalties." In its original decision, the Commission made no mention of *McMahan* or the issue of whether the rule announced therein applies retroactively. The Commission's rationale in its denial of Hennessy's section 19(f) petition is different than in its original order. Regardless of whether the Commission declined to include the medical expense award in its penalties and fees calculation because it misunderstood Hennessy's argument or because it chose not to apply *McMahan* retroactively, the Commission's mistake was one of law, not fact.

■ Generally, when a court issues an opinion, the decision is presumed to apply both retroactively and prospectively. *Deichmueller Construction Co. v. Industrial Comm'n*, 151 Ill. 2d 413, 603 N.E.2d 516 (1992). This presumption can be overcome in one of two ways. First, the issuing court itself may expressly state that its decision will be applied prospectively only. See, *e.g., Molitor v. Kaneland Community Unit District No. 302*, 18 Ill. 2d 11, 163 N.E.2d 89 (1959). Second, a later court may, under some circumstances, override the presumption by declining to give the previous opinion retroactive effect, at least with respect to the parties appearing before the later court. *Aleckson v. Village of Round Lake Park*, 176 Ill. 2d 82, 679 N.E.2d 1224 (1997). Nowhere in *McMahan* does our supreme court state that its decision is to be given prospective application only. Accordingly, our analysis will focus on whether the Commission and circuit court acted properly in overriding the presumption by declining to give *McMahan* retroactive effect.

■ In *Elg v. Whittington*, 119 Ill. 2d 344, 518 N.E.2d 1232 (1987), our supreme court articulated the test for determining whether a holding should be applied prospectively only:

> "Whether the rule will be applied prospectively will depend upon whether: 'the decision to be applied nonretroactively *** establish[es] a new principle of law, either by overruling clear past pre-

cedent on which litigants may have relied [citation], or by deciding an issue of first impression whose resolution was not clearly foreshadowed.' [Citation.] If this criterion is met, the question of prospective or retroactive application will be answered by considering: (1) whether, given the purpose and prior history of the rule, its operation will be retarded or promoted by prospective or retroactive application and (2) whether prospective application is mandated by the balance of equities." *Elg*, 119 Ill. 2d at 357, 518 N.E.2d at 1238.

This test was first promulgated by the United States Supreme Court in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 30 L. Ed. 2d 296, 92 S. Ct. 349 (1971), and adopted by our supreme court in *Board of Commissioners of Wood Dale Public Library District v. County of Du Page*, 103 Ill. 2d 422, 469 N.E.2d 1370 (1984).

■ The circuit court specifically found that because *McMahan* expressly overruled *Childress*, it represented a change in the law and that, under such circumstances, the decision should be given prospective application only. We find that the circuit court misapplied the *Chevron* test. Although *McMahan* overruled clear past precedent, there is no indication that the parties relied on *Childress*. Before the Commission, neither party cited *Childress* or made any argument with respect to whether the amount of medical expenses awarded should be included in the determination of the amount of penalties and fees. Thus, the first criterion of the *Chevron* test was not met. Because our supreme court did not state in *McMahan* that it was to be given prospective application only, and because the parties did not rely on *Childress*, the precedent overruled by *McMahan*, the presumption of retroactive application is not overcome.

Our conclusion is supported by our supreme court's decision in *Scott v. Industrial Comm'n*, 184 Ill. 2d 202, 703 N.E.2d 81 (1998). In *Scott*, this court rejected the claimant's argument that the Commission should have included medical expenses in calculating the amount of penalties and fees. *Scott v. Industrial Comm'n*, 292 Ill. App. 3d 290, 686 N.E.2d 609 (1997). Relying on *Childress*, we held that medical expenses were not "compensation" as the term is used in the Act. Subsequent to our decision in *Scott*, our supreme court issued its decision in *McMahan*. This court's decision in *Scott* was affirmed in part and reversed in part. Our supreme court held, *inter alia*, that on remand, the calculation of penalties should be guided by its decision in *McMahan*.

We hold that *McMahan* should have been applied retroactively and remand the cause to the Commission for a determination of whether American Airlines' delay in paying medical expenses was vexatious

and unreasonable and, if so, whether penalties and attorney fees should be assessed thereon.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and the cause remanded to the Commission for further proceedings.

Circuit court reversed; remanded to Commission.

McCULLOUGH, P.J., and HOFFMAN, O'MALLEY, and HOLD-RIDGE, JJ., concur.