NATIONWIDE BANK AND OFFICE MANAGEMENT, Appellee, v. THE INDUSTRIAL COMMISSION *et al.* (Howard Weisman, Ex'r of the Estate of Mildred Sokolec, Deceased, Appellant).

First District (Illinois Workers' Compensation Commission Division)
No. 1—04—2489WC

Opinion filed September 7, 2005.

Perry M. Berke, of Baskin, Server, Berke & Weinstein, of Chicago, and Douglas C. Cannon, of Law Offices of Douglas C. Cannon, of Inverness, for appellant.

Paul W. Pasche, of Brady, Connolly & Masuda, P.C., of Chicago, for appellee.

JUSTICE HOLDRIDGE delivered the opinion of the court:

An application for adjustment of claim was filed on behalf of Alvin Sokolec against Nationwide Bank and Office Management, seeking workers' compensation benefits for alleged accidental injuries occurring on April 3, 1990. On June 17, 1993, Alvin Sokolec died for reasons unrelated to the claim. The claim was carried on by Sokolec's widow, Mildred Sokolec, although no substitution was filed at that time. The matter proceeded to an arbitration hearing before Arbitrator Tansor under section 19 of the Workers' Compensation Act (the Act) (820 ILCS 305/19 (West 1994)), where the issue of proper substitution of parties was not raised by the employer.

On September 7, 1995, the arbitrator found that Sokolec had sustained compensable injuries under the Act. Accordingly, the arbitrator awarded temporary total disability (TTD) benefits of $160 per week for 165⁵/₇ weeks (*i.e.*, the date of injury to the date of death) and ordered the employer to pay outstanding reasonable and necessary medical expenses in the amount of $727,810.80. No permanent disability benefits were sought or awarded. On September 18, 1995, the employer filed a petition for review with the Illinois Industrial Commission[1] (Commission).

On March 10, 1996, Mildred Sokolec died, without any surviving dependents. Again, no attempt was made to amend the application or substitute parties.

The Commission issued its decision on December 16, 1996, affirming the arbitrator's award, but remanding the matter to the arbitrator with instructions to take further evidence on the issue of the proper calculation of the average weekly wage.

The employer sought review in the circuit court of Cook County. On September 11, 1998, the court found that the Commission's order was interlocutory due to the remand for a wage determination. The case was then returned to the Commission for further proceedings.

No further proceedings were held in the matter until a status hearing before Commissioner Sherman on January 10, 2002, at which time the Commissioner decided to enforce the remand back to the arbitrator. The matter was then assigned to Arbitrator Williams.

On May 22, 2002, the employer filed a motion with Arbitrator Williams seeking to dismiss the matter, claiming that the Commission lacked jurisdiction and/or that the claim had been abated due to Alvin's death. The employer also argued that the Commission lacked jurisdiction under *Daniels v. Industrial Comm'n*, 201 Ill. 2d 160 (2002). In

---

[1]Now known as the Illinois Workers' Compensation Commission. See Pub. Act 93—721, eff. January 1, 2005.

response, the petitioner (the estate of Mildred Sokolec) made a motion to amend the application for adjustment of claim to show the estate as the proper party.

On October 21, 2002, the arbitrator issued a decision in which he declined to rule upon the employer's motion to dismiss the claim and the estate's motion to amend the application based upon the arbitrator's belief that he was without jurisdiction to hear any matter other than the wage rate. On December 5, 2002, the arbitrator issued a decision in which he found an average weekly wage of $0.

Both parties sought review before the Commission. The employer sought review of several issues. However, the only issue advanced by the employer that is germane to this appeal is whether the arbitrator erred in denying the employer's motion to dismiss the application due to Alvin's death. The petitioner sought review of the arbitrator's finding of $0 average weekly wage, and also leave from the Commission to amend the application for adjustment of claim to name the Estate of Mildred Sokolec as the claimant.

On October 14, 2003, the Commission issued a decision, finding *inter alia*, that Alvin's death did not abate the claim, that the proper average weekly wage was $240, based upon a stipulation contained in the record of the first arbitration hearing, and that the employer was obligated to pay the medical expenses and TTD ordered in the original award.

On July 19, 2004, the employer sought review before the circuit court of Cook County. The court found that the Commission was in error in finding that Alvin's death did not abate the claim; thus, the Commission lacked jurisdiction over the claim. The Commission's order of October 14, 2003, was set aside.

The petitioner now appeals to this court. We reverse the circuit court and reinstate the Commission's decision.

On appeal, two issues are raised: (1) whether the circuit court erred in holding that the claim for TTD benefits or medical expenses abated when the injured worker and his wife both died with no dependent children before the decision in the case was final; and (2) whether the Commission's decision of October 14, 2003, was void due to an illegally constituted Commission pursuant to *Daniels v. Industrial Comm'n*, 201 Ill. 2d 160 (2002).

## DISCUSSION

### 1. Did the Claim Abate Upon the Death of the Injured Worker's Spouse?

This appeal involves interpretation of section 8 of the Act (820 ILCS 305/8 (West 2004)). Issues of statutory construction are ques-

tions of law, which are reviewed *de novo. Norris v. Industrial Comm'n*, 313 Ill. App. 3d 993, 995 (2000).

■ The circuit court found that section 8(h) of the Act (820 ILCS 305/8(h) (West 2002)) abated the claim upon the death of the injured worker's spouse, thus ending the Commission's jurisdiction to enter any award. Specifically, section 8(h) provides:

> "In case death occurs from any cause before the total compensa-
> tion to which the employee would have been entitled has been paid,
> then in case the employee leaves any widow, widower, child, parent
> (or any grandchild, grandparent or other lineal heir or any col-
> lateral heir dependent at the time of the accident upon the earn-
> ings of the employee to the extent of 50% or more of the total
> dependency) such compensation shall be paid to the beneficiaries of
> the deceased employee and distributed as provided in paragraph (g)
> of Section 7." 820 ILCS 305/8(h) (West 2002).

The circuit court relied upon *Giles v. Industrial Comm'n*, 692 N.E.2d 680 (1996), available only in an advance sheet at the time, which held that a similar claim was abated based upon section 8(h) of the Act. However, we note that the *Giles* opinion was withdrawn by the appellate court prior to publication. A withdrawn opinion has no precedential value, since it does not express the views of the court. *People v. Jordan*, 103 Ill. 2d 192 (1984).

The Commission addressed the question of whether section 8(h) abated the entire claim as follows:

> "In the present case, all of the amounts awarded to Petitioner ac-
> crued prior to the Petitioner's death. The Commission finds that
> section 8(h) is not applicable to amounts accrued prior to a
> claimant's death. The Illinois Supreme Court held that benefits ac-
> crued prior to a claimant's death are assets of the estate. *Republic
> Steel Corp. v. Industrial Comm'n*, 26 Ill. 2d 32, [47,] 185 N.E.2d
> 877, 885 (1962)."

To further elaborate on its reasoning, the Commission noted:

> "The Court reasoned that to hold that the death of a claimant
> abates the payments due to that claimant, would be to say that an
> employer need only litigate and delay the payment of compensation
> due a legitimately disabled individual to a point beyond his death
> to defeat his right to compensation. [Citation.] Section 8(h)
> distributes compensation as provided in section 7(g). Section 7(g)
> provides for payments to be made in installments. An installment
> system of payments would be illogical where all benefits have ac-
> crued. A plain reading of section 8(h) in conjunction with section
> 7(g), and with the reasoning in *Republic Steel*, shows that section
> 8(h) applies only to future unpaid, unaccrued benefits. Therefore,
> Petitioner's claim has not abated and all benefits accrued at the
> time of Petitioner's death properly belong to his estate."

■ We see no reason to read the holding in *Republic Steel* in a manner contrary to the Commission. In *Republic Steel*, the Commission awarded the injured worker TTD benefits and a permanency award payable in annual installments. *Republic*, 26 Ill. 2d at 34-35. The injured worker died while the employer's appeal to the circuit court was pending. The circuit court then entered an order substituting the estate for the deceased worker and ordered the employer to pay the estate the amount of compensation accrued as of the date of death. The court abated the portion of the permanency award due after the date of death. *Republic*, 26 Ill. 2d at 36. On appeal, the employer argued that the estate had no standing to collect any benefits, which could only be paid to dependents, and thus all benefits should have been abated. *Republic*, 26 Ill. 2d at 37. As the Commission in the instant matter noted, our supreme court in *Republic* rejected that argument, noting that benefits which accrued up to the date of death were payable to the estate, regardless of dependency, while benefits which did not accrue until after the date of death were abated. *Republic*, 26 Ill. 2d at 46.

The holding in *Republic* clearly dictates that the Commission be affirmed in the instant matter. However, the employer maintains that the holding in *Republic* has been legislatively overruled by the enactment of section 8(h) of the Act in 1975. *People v. Hickman*, 163 Ill. 2d 250, 262 (1994) ("[w]here statutes are enacted after judicial opinions are published, it must be presumed that the legislature acted with knowledge of the prevailing case law"). The question at issue in the matter *sub judice* is whether section 8(h) of the Act has, in fact, overruled the holding of *Republic*. We find that *Republic* has not been overruled.

As the Commission noted, section 8(h) by its express language does not address accrued benefits. Rather, it specifically addresses benefits to be paid out in installments. Thus, the language of section 8(h) would appear to have left the *Republic* holding with regard to accrued benefits untouched. In addition, the courts have had an opportunity to address the impact of section 8(h) in cases subsequent to *Republic* without expressly overruling *Republic*. In *Electro-Motive Division v. Industrial Comm'n*, 250 Ill. App. 3d 432 (1993), the court addressed the issue of whether section 8(h) of the Act abated an award for permanent partial disability (PPD) made under section 8(d)(2) of the Act (now 820 ILCS 305/8(d)(2) (West 1992)). The court found that the award was not abated. *Electro-Motive*, 250 Ill. App. 3d at 438.

In *Electro-Motive*, the injured worker died prior to arbitration, and his widow and two surviving children were substituted as claimants in the case. The Commission awarded TTD benefits, medical expenses,

and permanent partial disability (PPD) benefits of $282.25 per week for 150 weeks pursuant to section 8(d)(2) of the Act, representing loss of use to the extent of 30% of the man as a whole. *Electro-Motive*, 250 Ill. App. 3d at 434. The employer paid the TTD benefits, the medical expenses and the portion of PPD benefits representing the weeks prior to the date of death of the employee, but did not pay the PPD accruing after the date of death, arguing that section 8(h) abated the PPD accruing after the date of death. *Electro-Motive*, 250 Ill. App. 3d at 434. The Commission found the employer's withholding of PPD payments to be unreasonable and vexatious and assessed penalties and attorney fees. The employer appealed, maintaining that it had a good-faith basis for withholding PPD payments based upon its belief that section 8(h) abated the award. The court affirmed the imposition of penalties and fees. In doing so it reasoned that the plain language of section 8(h) did not abate an accrued benefit. The court noted that "[d]ecedent would have been entitled to the remaining weeks of PPD had he not died, assuming nothing else had occurred to change the status of the disability." *Electro-Motive*, 250 Ill. App. 3d at 438.

We see nothing in *Electro-Motive* that supports the proposition that TTD and medical benefits, once accrued, are abated if they have not been paid out prior to the death of the injured worker. To the contrary, the Commission, the court and the parties themselves in *Electro-Motive* accepted as given the fact that TTD and medical expenses, once awarded, are payable, notwithstanding section 8(h) of the Act.

Likewise, in *Peabody Coal Co. v. Industrial Comm'n*, 255 Ill. App. 3d 828 (1994), the injured worker died prior to the issuance of the Commission's decision. There, the Commission found the injured worker was entitled to TTD and PPD benefits under section 8(d)(2) of the Act. On appeal, the employer sought review of the Commission's findings of causal connection and raised the issue of "whether an award for benefits survives when there are no dependents." *Peabody*, 255 Ill. App. 3d at 829. The appellate court confirmed the Commission's finding of causal connection and remanded the matter to the Commission for determination as to whether there were dependents. Although there is no discussion of section 8(h) in *Peabody*, the court affirmed the award of TTD and PPD benefits with the following observation: "Although all amounts were due and owing prior to claimant's death, there remains a question as to whom the award should be paid now that claimant is deceased. We therefore remand this issue to the Commission for further proceedings." *Peabody*, 255 Ill. App. 3d at 832.

Thus, in *Peabody*, as in *Electro-Motive*, there was no question that

amounts due and owing at the time of the employee's death were to be paid despite the language of section 8(h). As the Commission noted in the instant matter, that is because section 8(h) of the Act can only apply to awards which are designated as payable in installments. Since the TTD benefits and medical expenses awarded in the instant action are not payable in installments, section 8(h) of the Act has no relevance to this matter, and the holding of *Republic* controls.

2. Does *Daniels v. Industrial Comm'n* Warrant Reversal?

■ The argument that *Daniels* mandates reversal where the Commission was illegally constituted has been addressed by this court in *Peabody Coal Co. v. Industrial Comm'n*, 349 Ill. App. 3d 1023 (2004). In *Peabody*, the court concluded that the *de facto* officer doctrine was applicable and prevented the invalidation of a Commission decision.

## CONCLUSION

For the foregoing reasons, we reverse the judgment of the circuit court of Cook County and remand for reinstatement of the decision of the Commission.

Reversed and remanded.

MCCULLOUGH, P.J., and HOFFMAN, CALLUM, and DONOVAN, JJ., concur.