HUGH SELLECK, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Pre-Fab Transit Company, Inc., Appellee).

Fourth District (Industrial Commission Division)   No. 4—91—0607WC

Opinion filed August 14, 1992.

Robert W. McCarthy, of Decatur, for appellant.

Charles C. Hughes, of Kehart, Shafter, Hughes & Webber, P.C., of Decatur, for appellee.

JUSTICE RAKOWSKI delivered the opinion of the court:

The employee, Hugh Selleck (claimant), appeals from an order of the circuit court confirming an Industrial Commission (Commission) decision which awarded the claimant benefits pursuant to the Workers' Compensation Act (Ill. Rev. Stat. 1985, ch. 48, par. 138.1 *et seq.*) (Act), but also found that Pre-Fab Transit Company, Inc. (employer), was entitled to a credit against the award of benefits pursuant to section 5(b) of the Act (Ill. Rev. Stat. 1985, ch. 48, par. 138.5(b)). The basis of the credit was claimant's prior recovery of a money judgment

against a third-party tortfeasor for the same injuries which were the basis of the claimant's action against the employer. The issues on appeal are: (1) whether the Commission had jurisdiction to adjudicate benefits provided in section 5(b) of the Act; and (2) whether the employer is entitled to a credit against benefits owed to the claimant based on claimant's recovery of a money judgment against a third-party tortfeasor.

The claimant was injured on November 16, 1979, when the truck he was driving for employer was hit by another vehicle in Golden, Colorado. The claimant filed a personal injury action in Colorado against the other parties to the collision, and following a trial, a jury verdict in his favor in the amount of $480,390 was entered. Of this amount, $23,104.47 was paid to employer as reimbursement for payments it had already made to the claimant for medical expenses and temporary disability. The claimant and his attorney were paid the remaining $457,285.53. When employer received its reimbursement it paid claimant $6,575.40 as its *pro rata* share of litigation costs and attorney fees pertaining to the reimbursement already paid to the employer.

Approximately six months after satisfaction of the judgment, claimant filed an "Application For Adjustment of Claim" pursuant to the Act. On June 24, 1987, the arbitrator found that: (1) claimant sustained an accidental injury arising out of and in the course of employment; (2) his condition of ill-being was causally connected to the injury and present condition; (3) the medical expenses claimed were reasonable and necessary; (4) claimant was entitled to compensation for temporary total disability; and (5) as of the date of the hearing, claimant's condition had not been restored as far as the permanent character of the injury permitted. In the determination of the temporary total disability award, the arbitrator found that the employer was entitled to a credit by virtue of the personal injury award received by the claimant in the Colorado litigation. Except for a correction in the calculation of disability payments, the Commission affirmed the arbitrator's findings, and on administrative review, the decision of the Commission was confirmed. The Commission's decisions regarding medical expenses and the amount of the disability award are not raised as issues in this appeal.

The claimant first contends that the Commission did not have jurisdiction to determine the employer's entitlement to a credit pursuant to section 5(b) because the Illinois courts have exclusive jurisdiction to determine the employer's rights under this section. As a basis for this contention, the claimant primarily relies on *Freer v. Hysan*

*Corp.* (1985), 108 Ill. 2d 421, 484 N.E.2d 1076. In that case, the employee initially obtained an award from the Commission and then filed a personal injury action against the manufacturer of the sewer solvent which had caused the employee's injuries. The employer intervened pursuant to section 5(b) of the Act in order to protect its claim on any award received by the plaintiff. The action subsequently settled, and the employer moved to enforce its lien on the proceeds of the settlement. The employer sought a credit with the suspension of disability payments until the amount of the lien was satisfied. The employee did not dispute the employer's claim but contended that the circuit court did not have authority to modify the Commission's order regarding the employee's compensation award. The employee further claimed that the Commission was the proper forum to request suspension or modification of future payments. (*Freer*, 108 Ill. 2d at 423, 484 N.E.2d at 1078.) On these facts, the *Freer* court held that the circuit court rather than the Commission was the proper body to protect the employer's right to reimbursement. *Freer*, 108 Ill. 2d at 426, 484 N.E.2d at 1079.

However, there are significant differences in what occurred procedurally in the *Freer* case and the case *sub judice*. In this case, the claimant first filed a claim against the third-party tortfeasor in Colorado, the site of the accident, and after obtaining a judgment, he filed his workers' compensation claim in Illinois. Consequently, at the time of the personal injury action, there was no determination by the Commission that the claimant was entitled to compensation, the extent of his disability or the amount of payment to which he was entitled. Thus, any assertion by the employer of its claim during the Colorado proceeding would have been without basis and premature.

In support of his position, the claimant relies heavily upon the statement in *Freer* that "[t]he statute does not envisage any role for the Industrial Commission in the protection of the employer's right of reimbursement." (*Freer*, 108 Ill. 2d at 426, 484 N.E.2d at 1079.) In so holding, the *Freer* court pointed out that the language of section 5(b) refers to "orders of the court." While such language does appear in section 5(b), it is in the context of circumstances, like those in *Freer*, where workers' compensation benefits had already been paid and the employer is seeking reimbursement in the same court in which the personal injury or wrongful death action is pending. Furthermore, we view the above-quoted language from *Freer* as *dicta* in that the actual issue was not which forum had jurisdiction but whether the circuit court could modify a Commission award in order to protect the employer's claim. Under the circumstances *sub judice*, we see no reason

to compel the employer to file an entirely separate action to protect its section 5(b) rights. Thus we hold that the Commission was a proper forum for such a determination.

■ The claimant next contends that the employer is not entitled to a credit against future compensation payments based on the claimant's third-party recovery. However, section 5(b) of the Act expressly states that the employer has a right to reimbursement or credit against past or future compensation payments where the claimant has received a money judgment or settlement for the same injury. The relevant statute provides:

> "Where the injury or death for which compensation is payable under this Act was caused under circumstances creating a legal liability for damages on the part of some person other than his employer to pay damages, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act. In such case, however, if the action against such other person is brought by the injured employee or his personal representative and judgment is obtained and paid, or settlement is made with such other person, either with or without suit, then from the amount received by such employee or personal representative *there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or personal representative* ***." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 48, par. 138.5(b).)

In its discussion of the employer's rights under section 5(b), the *Freer* court recognized "the employer's right to be reimbursed for the 'amount of compensation paid or *to be paid by him to such employee* ***.' " (Emphasis added.) (*Freer*, 108 Ill. 2d at 426, at 1079, quoting Ill. Rev. Stat. 1975, ch. 48, par. 138.5(b).) Further, in its concluding statements, the *Freer* court referred to the circuit court's jurisdiction to enforce a lien in favor of the village in the form of proper credits against the payments required to be made to the plaintiff. *Freer*, 108 Ill. 2d at 428, 484 N.E.2d at 1080.

The only case the claimant cites in support of his position is *McCormick v. McDougal-Hartmann Co.* (1970), 47 Ill. 2d 340, 265 N.E.2d 610. In *McCormick*, the employee was permanently injured while working on a road project and received compensation from the employer from 1959 until 1965. During this time period the employee filed a claim against the State for the same injuries. He subsequently received a judgment in his favor but refused to pay any amount to the employer. The employer stopped paying compensation, and the em-

ployee filed a claim with the Commission. The arbitrator awarded compensation, and the award was confirmed by the Commission on review. When the employer still failed to pay compensation, the employee filed a claim in the circuit court. The employer argued that the cessation of payments was proper because it was entitled to a credit against the Commission's award based on the employee's recovery of $25,000 from the State of Illinois. The circuit court rejected the employer's argument and entered a judgment in favor of the employee. On appeal to the appellate and supreme court, the employer argued that its entitlement to a credit for future compensation payments was approved by the Commission as evidenced by the provision in its order which granted the employer a " 'credit for all sums of money, if any, heretofore paid petitioner on account of accidental injuries.' " (*McCormick*, 47 Ill. 2d at 342, 265 N.E.2d at 611.) What the supreme court held was that the language relied on by the employer was customary language in an award to authorize the deduction of payments made by an employer prior to the hearing or prior to the entry of the award and not an approval of a credit on future compensation payments. (*McCormick*, 47 Ill. 2d at 343, 265 N.E.2d at 611-12.) The court then stated that it was unable to consider the employer's contention that it was entitled to a credit pursuant to section 5(b) because the employer had failed to seek review of the award against it. The employer could not now have review of the award by means of an answer filed in an action brought by the employee under section 19(g) of the Act (Ill. Rev. Stat. 1969, ch. 48, par. 138.19(g)) to enforce such award in his favor. *McCormick*, 47 Ill. 2d at 343, 265 N.E.2d at 612.

Because the *McCormick* court never reached the merits of the employer's section 5(b) claim, it provides no support for the claimant's position. Therefore, pursuant to section 5(b) of the Act, we conclude that the employer is entitled to a credit against future compensation to the claimant based on the claimant's recovery against the third-party tortfeasor.

For the aforementioned reasons, the judgment of the circuit court and decision of the Industrial Commission are affirmed.

Affirmed.

McCULLOUGH, P.J., and WOODWARD, STOUDER, and H. LEWIS, JJ., concur.