Docket No. 84427–Agenda 18–March 1998.

EMMA SCOTT, Appellee, v. THE INDUSTRIAL COMMISSION 
et al
. (Travelers Insurance Company, 

Appellant).

Opinion filed October 22, 1998.

JUSTICE MILLER delivered the opinion of the court:

Hughie Scott, Jr. (decedent), was employed as a laborer by Illinois Wrecking Company. Illinois Wrecking subcontracted to perform demolition work for Capitol Construction Group, a division of Capitol Construction Companies, Inc. (general contractor). On March 19, 1986, the building in which decedent was working collapsed. Decedent suffered severe injuries and on May 6, 1986, died as a result of those injuries.

Prior to decedent's death, Emma Scott, as wife and next friend of decedent, filed a claim under the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1985, ch. 48, par. 138.1 
et seq
.) for medical expenses and temporary total disability benefits against Illinois Wrecking (No. 86–WC–17126). Following decedent's death, Emma Scott, as decedent's widow, filed additional claims for burial expenses and surviving spouse benefits against Illinois Wrecking (No. 86–WC–21114), Capitol Construction (No. 86–WC–21115), and Travelers Insurance Company (workers' compensation insurer for Illinois Wrecking) (No. 86–WC–39385).

In addition, Dartha Osley (decedent's sister), as administrator of decedent's estate, filed claims on behalf of the estate for workers' compensation benefits against Illinois Wrecking (No. 86–WC–39382), Capitol Construction (No. 86– WC–39383), and Travelers (No. 86–WC–39384). The arbitrator consolidated the claims filed by Emma Scott and Dartha Osley.

The arbitrator dismissed Osley as a party because no award to an estate is permissible where the surviving spouse has filed a claim. The arbitrator also dismissed Travelers as a party, finding that the workers' compensation insurance policy between Travelers and Illinois Wrecking had been canceled prior to decedent's accident.

The arbitrator then found Illinois Wrecking (the employer) liable for medical expenses, temporary total disability benefits, burial expenses, and surviving spouse benefits. See Ill. Rev. Stat. 1985, ch. 48, pars. 138.7(a), (f), 138.8(a), (b). The arbitrator also found Illinois Wrecking liable for statutory penalties and attorney fees because, the arbitrator believed, Illinois Wrecking had unreasonably failed to pay any of the expenses or benefits. See Ill. Rev. Stat. 1985, ch. 48, pars. 138.16, 138.16a, 138.19(k), (l).

Further, because Illinois Wrecking was found by the arbitrator to have been uninsured at the time of decedent's accident, the arbitrator found that Capitol Construction (the general contractor) was also liable for the expenses and benefits assessed against Illinois Wrecking. See Ill. Rev. Stat. 1985, ch. 48, par. 138.1(a)(3) (providing for the liability of a general contractor where the subcontractor is without workers' compensation insurance). The arbitrator found that Capitol Construction was additionally liable for the statutory penalties and attorney fees assessed against Illinois Wrecking.

Emma Scott (Scott) and Capitol Construction filed petitions for review with the Industrial Commission (Commission). Illinois Wrecking had declared bankruptcy and was not represented before the Commission. Scott and Capitol Construction argued that the workers' compensation insurance policy between Travelers and Illinois Wrecking was in effect at the time of decedent's accident. Further, Scott argued that statutory penalties and attorney fees should be assessed against Travelers for Travelers' failure to pay expenses and benefits under the Act. Travelers, however, argued that the arbitrator correctly found that the insurance policy was canceled and properly dismissed Travelers at the conclusion of the arbitration proceedings.

The Commission issued two decisions; each made reference to the other. One decision addressed issues arising prior to decedent's death (No. 92–IIC–0728), the other addressed issues arising after decedent's death (No. 92–IIC–0727). The Commission affirmed the arbitrator's dismissal of the administrator of decedent's estate (Osley) as a party.

The Commission found that the policy between Travelers and Illinois Wrecking was in effect at the time of decedent's accident. The Commission found that even had the policy been canceled, Travelers waived any purported cancellation by issuing a new premium notice to Illinois Wrecking for the next installment period. Thus, the Commission found Travelers a proper party to the proceedings and jointly liable with Illinois Wrecking for Scott's award of expenses and benefits under section 4(g) of the Act. See Ill. Rev. Stat. 1985, ch. 48, par. 138.4(g) (where an employer does not pay compensation, the employer's insurer may be made a party to the proceedings and an award may be entered jointly against the employer and the insurer). The Commission found that no expenses or benefits had yet been paid on account of decedent's accident or death.

In addition, the Commission found that the conduct of Illinois Wrecking and Capitol Construction did not justify the arbitrator's imposition of statutory penalties and attorney fees. Instead, the Commission found that only Travelers had acted unreasonably and vexatiously in refusing to pay compensation. The Commission also found that only Travelers had filed numerous frivolous motions that did not present real controversies. Thus, in each of its decisions, the Commission assessed statutory penalties and attorney fees only against Travelers.

While Scott's case was before the arbitrator, and later the Commission, a third-party wrongful death action filed by the administrator of decedent's estate was proceeding in the circuit court of Cook County. Travelers filed a petition to intervene in the third-party action in order to protect its rights under section 5(b) of the Act (Ill. Rev. Stat. 1985, ch. 48, par. 138.5(b)).

Approximately one month after having been granted leave to intervene, however, Travelers filed a motion to withdraw as an intervenor. According to Travelers, it did not want to concede insurance coverage for Illinois Wrecking by asserting a lien in the circuit court while Travelers was contesting that coverage before the arbitrator. The trial judge allowed Travelers to withdraw. The third-party action settled approximately six months after the Commission issued its decisions and while those decisions were pending on review in the circuit court. In settlement of the third-

party action, the third-party tortfeasors paid a total of $438,557.05 to decedent's estate. Of that amount, $139,797.50 was subject to liens held by health care providers.

On review of the workers' compensation case, the circuit court of Kane County confirmed the Commission's decisions. Both Travelers and Scott appealed to the appellate court, Industrial Commission division. Travelers argued that the Commission erred in finding the insurance policy in effect at the time of decedent's accident. In addition, Travelers argued that the Commission's decision to impose statutory penalties and attorney fees was against the manifest weight of the evidence. Finally, Travelers requested that the appellate court address the effects of the third-

party settlement payment on the respective rights of the parties.

Scott, however, argued that the Commission erred by failing to impose multiple statutory penalties against Travelers for Travelers' multiple violations of the Act. Scott also argued that the Commission erred by excluding medical and burial expenses in the amounts on which penalties and attorney fees were calculated.

The appellate court, Industrial Commission division, affirmed. 
Scott v. Industrial Comm'n
, Nos. 2–93–1110WC, 2–93–1171WC, 2–93–1172WC cons. (August 9, 1994) (unpublished order under Supreme Court Rule 23) (
Scott I
). The court found no error in the Commission's determination that: (1) the insurance policy was in effect at the time of decedent's accident; (2) Travelers was a party to the proceedings and liable for Scott's award of expenses and benefits; and (3) Travelers was liable for statutory penalties and attorney fees in the amounts determined by the Commission. The appellate court declined to consider the effects of the third-party settlement payment. The court found that the issue was “wholly collateral to the proceedings before the Commission and outside the record before us.”

The appellate court rejected Scott's argument that the Commission should have imposed multiple statutory penalties on Travelers. The court also found that the Commission correctly excluded medical and burial expenses in calculating statutory penalties and attorney fees. The court noted that medical and burial expenses are not lost-wage compensation subject to penalties under the Act.

There was no appeal from the appellate court's decision in 
Scott I
, and the mandate issued on November 18, 1994.

THE PRESENT CASE

Approximately one month after the appellate court's mandate issued in 
Scott I
, Travelers sent three checks to Scott totaling $281,259.34. The checks were accompanied by a letter and calculation statement which explained how Travelers arrived at its figures. Instead of paying Scott the entire amount due under the final award affirmed by the appellate court in 
Scott I
, Travelers unilaterally withheld an amount equal to the medical expenses ($139,797.50) already paid through the third-party settlement to lien-holding health care providers. In its letter to Scott, Travelers claimed that it was entitled to a credit for this amount.

In addition, Travelers unilaterally withheld portions of the statutory penalties, statutory interest, and attorney fees awarded to Scott in 
Scott I
. Travelers argued that while it was before the arbitrator, the arbitrator had determined that Travelers was not a party when these particular amounts were awarded. We note that Travelers' argument claiming that it was not a party was previously rejected by both the Commission and the appellate court in 
Scott I
. Finally, Travelers claimed the right to a credit for any third-party settlement amounts that represented surviving spouse benefits. Travelers, however, made no withholding on this basis.

At the same time, Travelers filed with the Industrial Commission a petition for leave to file a special and limited appearance for the purpose of presenting two motions. In the motions, Travelers sought: (1) a determination of credits for amounts received by Scott in the third-party settlement; and (2) a determination that Travelers was not liable for the amounts it withheld from Scott's award of statutory penalties, statutory interest, and attorney fees previously affirmed in 
Scott I
.

Scott responded by filing a motion to strike Travelers' petition for leave to file a special and limited appearance. Scott argued that Travelers' motions raised issues already decided by the Commission and affirmed by the appellate court in 
Scott I
. Although the credit issue was not previously decided by the Commission, Scott claimed that Travelers could have raised the issue before the Commission in the proceedings that culminated in 
Scott I
, but failed to do so. Scott contended that Travelers' petition and motions were frivolous and that Travelers intentionally underpaid her award. Scott requested a second set of statutory penalties and attorney fees in addition to those assessed against Travelers in 
Scott I
.

The Commission denied Travelers' petition for leave to file a special and limited appearance. In 
Scott I
, Travelers was adjudicated a party under section 4(g) of the Act. The Commission found that Travelers remained a party in this subsequent proceeding and thus could not appear on a special and limited basis.

The Commission then addressed the merits of Travelers' motions. The Commission found that its previous decisions were clear regarding Travelers' liability for Scott's award. Travelers and Illinois Wrecking were jointly liable for medical expenses, temporary total disability benefits, burial expenses, and weekly surviving spouse benefits. Travelers alone was liable for all of the statutory penalties and attorney fees previously assessed. These determinations were affirmed by the appellate court in 
Scott I
. Thus, Travelers was liable for all of the previously assessed statutory penalties, interest, and attorney fees and any withholding was improper.

In addition, the Commission found that the circuit court and not the Commission was the proper forum to determine credits for amounts received in a third-party settlement. The Commission further found that Travelers had ample time (approximately six months) to return to the circuit court following the Commission's original decisions and reassert a lien under section 5(b) prior to the settlement of the third-party action. Accordingly, the Commission denied Travelers' motions without determining whether Travelers was entitled to credits.

Because the Commission believed that the petition and motions filed by Travelers were frivolous, the Commission awarded Scott additional compensation (section 19(k)) and attorney fees (sections 16, 16a) under the Act. See 820 ILCS 305/16, 16a, 19(k) (West 1994). The Commission determined the amounts of the additional compensation and attorney fees by setting a base figure from which a percentage could be calculated. See 820 ILCS 305/16a(B) (20% for attorney fees); 19(k) (50% for additional compensation) (West 1994).

The base figure consisted of Scott's temporary total disability award ($1,790.42) and her accrued surviving spouse benefits ($121,563.38) calculated as of the Commission's final hearing on review (February 7, 1995). The Commission also included old penalties from 
Scott I
 in the base figure: $13,501.12 in section 16 attorney fees; $33,752.82 in section 19(k) additional compensation; and $2,500 in section 19(l) additional compensation.

The Commission calculated the total ($173,107.74) and awarded Scott $86,553.87 in section 19(k) additional compensation (50% of $173,107.74) and $17,310.77 in section 16 attorney fees (20% of $86,553.87). Thus, a portion of Scott's award included “penalties on penalties.” The Commission did not include medical and burial expenses in its calculations.

Both Travelers and Scott appealed to the circuit court of Du Page County. Travelers argued that the Commission is the proper forum for determining third-party settlement credits. In addition, Travelers claimed that the Commission's finding that Travelers waived its rights under section 5(b) was against the manifest weight of the evidence. Travelers next argued that the Commission erred in finding that Travelers was liable for the amounts it withheld from Scott's previous award of statutory penalties, interest, and attorney fees affirmed in 
Scott I
.

Travelers further argued that the Commission erred in finding its petition and two motions frivolous, thus subjecting Travelers to a second set of penalties and attorney fees in addition to those awarded in 
Scott I
. Finally, Travelers claimed that it should not be subjected to a second set of penalties and attorney fees on amounts it had already paid or for which it was entitled to credits. Even assuming that a penalty and attorney fees were appropriate, Travelers argued that the Commission erred by including statutory penalties and attorney fees from 
Scott I
 in its new calculations of section 19(k) additional compensation and section 16 attorney fees.

Scott claimed that Travelers was attempting to collaterally attack the Commission's final decisions affirmed in 
Scott I
. Scott argued that no provision in the Workers' Compensation Act and no Commission rule allowed Travelers to file a petition and motions with the Commission following a final affirmed award. In addition, Scott argued that 
res judicata
 prohibited Travelers from claiming that it was not liable for the withheld penalties, interest, and attorney fees previously awarded in 
Scott I
.

Further, Scott argued that Travelers waived its claim for third-

party settlement credits by failing to raise this issue before the arbitrator or the Commission during the proceedings that culminated in 
Scott I
. Scott believed the Commission properly assessed a second set of statutory penalties and attorney fees against Travelers. Scott argued, however, that the Commission erred by excluding medical and burial expenses in its calculations of section 19(k) additional compensation and section 16 attorney fees.

The circuit court confirmed the Commission's decision. The court found that the Commission does not have the authority to consider the third-party settlement credits claimed by Travelers. The court also found that the Commission's determination that Travelers' petition and motions were frivolous was not against the manifest weight of the evidence.

In addition, the court found that penalties and attorney fees from 
Scott I
 were properly included in the basis for the Commission's award of section 19(k) additional compensation and section 16 attorney fees. The court confirmed the Commission's award of penalties, an award that did not account for amounts already paid by Travelers to Scott or amounts for which Travelers claimed credits. The court rejected Scott's contention that the Commission erred by failing to include medical and burial expenses in calculating her award of additional compensation and attorney fees. Because of its holding on the merits, the court did not address whether Travelers' claims were barred by either 
res judicata
 or waiver.

Travelers and Scott again appealed to the appellate court, Industrial Commission division. The parties presented their respective arguments regarding the determination of third-party settlement credits and Travelers' liability for the withheld penalties, interest, and attorney fees. The parties also presented their respective arguments regarding the assessment and calculation of section 19(k) additional compensation and section 16 attorney fees. The appellate court affirmed. 292 Ill. App. 3d 290.

The appellate court, relying on 
Freer v. Hysan Corp.
, 108 Ill. 2d 421 (1985), believed that the Commission correctly determined that the Commission does not have the authority to enforce a lien and the court refused to grant Travelers credits for the amount paid to Scott by the third-party tortfeasors. See 292 Ill. App. 3d at 298. The court also affirmed the Commission's determination that Travelers was liable for the statutory penalties, interest, and attorney fees assessed in 
Scott I
 and that Travelers' withholding of any portion of these amounts was improper.

The appellate court next determined it was not against the manifest weight of the evidence for the Commission to find that Travelers' petition and motions were frivolous and that the award was therefore subject to additional statutory penalties and an award of attorney fees. The court found that the old penalties and attorney fees from 
Scott I
 were properly included in calculating the new award of section 19(k) additional compensation and section 16 attorney fees. The court did not discuss whether Travelers was liable for section 19(k) additional compensation and section 16 attorney fees on amounts already paid by Travelers to Scott or on amounts for which Travelers claimed credits for payments to Scott by the third-party tortfeasors.

The appellate court further rejected Scott's argument that she was entitled to multiple penalties because she had established more than one statutory factor under section 19(k). The court reasoned that Scott's injury–the withholding of due compensation–is a single injury regardless of the fact that the injury may have been caused by several factors.

The court also rejected Scott's argument that the Commission should have included medical and burial expenses in its calculations. Relying on 
Childress v. Industrial Comm'n
, 93 Ill. 2d 144, 148-51 (1982), the court found that medical and burial expenses are not “compensation” as the term is used in the Act for the purpose of awarding penalties.

Travelers filed in the appellate court a petition for rehearing or, in the alternative, a motion for a statement by one of the five Industrial Commission appellate judges “that the case in question involves a substantial question which warrants consideration by the Supreme Court.” 166 Ill. 2d R. 315(a). Pursuant to Travelers' request, one judge filed a “substantial question” statement.

The “substantial question” statement filed by one judge under Rule 315(a) became moot, however, when the five-judge panel, 
sua sponte
, issued a certificate of importance under Supreme Court Rule 316 (155 Ill. 2d R. 316). Thus, the case is before us on a certificate of importance from the appellate court. See Ill. Const. 1970, art. VI, §4(c); 155 Ill. 2d R. 316; 
Yellow Cab Co. v. Jones
, 108 Ill. 2d 330, 338 (1985).

DISCUSSION

Travelers raises here a number of questions relating to the Commission's failure to determine third-party settlement credits; the Commission's failure to find Travelers not liable for the withheld amounts of statutory penalties, interest, and attorney fees assessed in 
Scott I
; and the Commission's decision to assess additional statutory penalties and attorney fees and the amounts of those penalties and fees following the appellate court's decision in 
Scott I
.

Travelers first argues that the Commission may determine third-party settlement credits when section 5(b) lien rights have not been, and can no longer be, adjudicated in the circuit court. Scott argues, however, that neither the Workers' Compensation Act nor the rules of the Commission provide the Commission with the authority to entertain a request for credits once a final award has been entered and affirmed on appeal. In any event, Scott claims that Travelers has waived its ability to obtain a determination of credits by failing to seek such a determination before the Commission in 
Scott I
.

The first paragraph of section 5(b) of the Workers' Compensation Act provides that if an employee or the employee's representative obtains a judgment or settlement from a third party,

“then from the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or personal representative including amounts paid or to be paid pursuant to paragraph (a) of Section 8 of this Act [medical expenses].” 820 ILCS 305/5(b) (West 1994).

Thus, section 5(b) provides the employer with a right to recover certain amounts paid or to be paid to an employee where the employee has obtained a third-party judgment or settlement, regardless of whether a lien has been asserted.

In order to assist an employer in recovering these amounts, section 5(b) further provides that an employer may claim a lien on the proceeds of a third-party action and that “[t]he employer may, at any time [after the filing of a third-party action] join in the action upon his motion so that all orders of court after hearing and judgment shall be made for his protection.” 820 ILCS 305/5(b) (West 1994) (third and fourth paragraphs).

By using the term “may” in the third and fourth paragraphs of section 5(b), the statute does not require an employer to intervene or to assert a lien in order to recover amounts obtained by an employee in a third-party proceeding. When an employer does not assert a lien, the employer forgoes a means of enforcing its claim. The employer does not, however, forfeit its right under the first paragraph of section 5(b) to recover amounts paid or to be paid to an employee where the employee has obtained a third-party judgment or settlement. See 820 ILCS 305/5(b) (West 1994) (“from the amount received by such employee *** there shall be paid to the employer”).

We therefore believe that under section 5(b) of the Act, an employer may make a claim for credits following the conclusion of a third-party proceeding without having obtained a lien in that proceeding. We find no reason to afford an employer's insurer fewer protections under section 5(b) than those granted the employer on whose behalf compensation is paid under the Act. Thus, in the case before us, Travelers has waived its ability to obtain a section 5(b) lien; however, Travelers has not waived its ability to claim credits under section 5(b).

Were the rule to be otherwise, as suggested by Scott, an employee would be able to receive and retain a double recovery. This would be inconsistent with the general principle that an employee is not entitled to a double recovery. See 
Malatesta v. Mitsubishi Aircraft International, Inc.
, 275 Ill. App. 3d 370, 380 (1995); see also 6 A. Larson & L. Larson, Larson's Workers' Compensation Law §71.20, at 14–5 (1998) (“It is equally elementary that the claimant should not be allowed to keep the entire amount both of his compensation award and of his common-

law damage recovery”).

Our result here does not conflict with this court's decision in 
Freer v. Hysan Corp.
, 108 Ill. 2d 421 (1985). In 
Freer
, an employer was ordered to pay compensation to its employee by the Industrial Commission. The employee subsequently filed a third-

party action in the circuit court. The employer intervened in the third-party action and obtained a lien under section 5(b) of the Act. After the third-party action settled, the employer filed a motion in the circuit court to enforce its lien on the proceeds of the settlement. The 
Freer
 court rejected the employee's argument that the employer should have enforced its lien through the Commission: “The plain meaning of section 5(b) imposes the duty of protecting the employer's lien upon the court.” 
Freer
, 108 Ill. 2d at 426.

Unlike 
Freer
, in this case Travelers' liability for Scott's award of compensation became final only after the appellate court affirmed the Commission's decisions in 
Scott I
. By this time, however, the third-party action in the circuit court had settled and the third-party tortfeasors had already made their settlement payments. Although it was too late for Travelers to obtain a lien in the circuit court, Travelers did not forfeit a later claim for credits under the first paragraph of section 5(b) by having contested coverage for Illinois Wrecking through the appellate process.

Accordingly, we believe that the Commission, which entered the original compensation award, is the proper place to determine whether an employer or its insurer is entitled to credits for amounts received by an employee in a third-party proceeding when lien rights have not been adjudicated by the circuit court. See 
Selleck v. Industrial Comm'n
, 233 Ill App. 3d 17, 19-20 (1992) (finding Industrial Commission to be a proper forum for determining employer credits when third-party action ended prior to a determination that employee was entitled to compensation).

Despite Scott's argument that neither the Act nor the Commission's rules provide for a determination of credits by the Commission, we believe that the mandatory language found in the first paragraph of section 5(b) requires that a forum exist for such determinations. See 820 ILCS 305/5(b) (West 1994) (“from the amount received by such employee *** there shall be paid to the employer”). Here, Travelers became liable for the amounts awarded by the Commission to Scott when the coverage question was finally resolved against Travelers in the appellate court in 
Scott I
. Approximately one month after the appellate court's mandate issued in 
Scott I
, Travelers sought a determination of credits before the Commission. We believe that Travelers has not waived its ability to seek a determination of credits and remand to the Commission to determine the credits to which Travelers is entitled for amounts received by Scott in the third-party settlement.

Travelers next argues that it is not liable for all of the statutory penalties, interest, and attorney fees assessed against it in 
Scott I
 and that the Commission erred in denying its motion requesting this determination. Scott, however, argues that Travelers was adjudicated fully liable for these amounts in 
Scott I
 and that 
res judicata
 bars Travelers from claiming otherwise. Thus, Scott contends the Commission properly denied Travelers' motion.

The appellate court in 
Scott I
 rejected Travelers' contention that Travelers was not a party to the claims that gave rise to the Commission's award of statutory penalties and attorney fees. The court affirmed the Commission's determination that Travelers was liable in full for these amounts. 
Res judicata
 “is a judicially created doctrine resulting from the practical necessity that there be an end to litigation and that controversies once decided on their merits shall remain in repose.” 
Hughey v. Industrial Comm'n
, 76 Ill. 2d 577, 582 (1979). We believe that 
res judicata
 bars Travelers from relitigating here its liability for the penalties, interest, and attorney fees assessed against it in 
Scott I
. Thus, we find that the Commission properly denied Travelers' motion requesting that this issue be revisited.

In addition, Travelers argues that in the event that it is provided credits on remand, any potential penalty or attorney fees should be calculated only on the amount of Travelers' outstanding liability, if any should exist after the credits are given. Travelers notes that after it was found liable in 
Scott I
, Travelers paid Scott $281,259.34. Travelers believes that it will have no outstanding liability once the Commission grants it credits and considers its previous $281,259.34 payment.

On remand, Travelers will be liable for the portions of the statutory penalties, interest, and attorney fees assessed against it in 
Scott I
 that Travelers withheld from its payment to Scott. Thus, Travelers will have some outstanding liability. We agree with Travelers, however, that any potential penalty or attorney fees that the Commission may impose are to be based only on outstanding amounts.

Under section 19(k), additional compensation is based on the “amount payable at the time of such award.” 820 ILCS 305/19(k) (West 1994). An assessment of section 19(k) additional compensation or section 16 attorney fees should therefore reflect amounts already paid by Travelers to Scott and any credits to which Travelers is entitled. We note that this issue was decided by the appellate court in 
Roodhouse Envelope Co. v. Industrial Comm'n
, 276 Ill. App. 3d 576, 580-84 (1995) (employer payments made prior to a finding of unreasonable or vexatious delay are excluded from calculating section 19(k) additional compensation and section 16 attorney fees). Although not binding on us, we agree with the result reached by the appellate court in 
Roodhouse
.

In view of our finding that Travelers raised a valid claim regarding the determination of credits, we find that Travelers' motion for a determination of credits was not frivolous. This motion, however, was not Travelers' only filing before the Commission. Travelers also filed a petition for leave to file a special and limited appearance and a motion for a determination that it was not fully liable for amounts previously awarded in 
Scott I
. The Commission denied these additional filings and also found them to be frivolous.

Although we find no error in the Commission's denial of these additional filings, we cannot determine whether the Commission would have assessed a statutory penalty and attorney fees on those grounds had the Commission found, as we have, that Travelers' motion for a determination of credits was proper. In light of our finding, we therefore remand to the Commission to determine whether Travelers is liable for a statutory penalty or attorney fees on compensation after accounting for credits for having filed a petition for leave to file a special and limited appearance and a motion for a determination that it was not fully liable for amounts previously awarded in 
Scott I
, and if so, in what amounts. As discussed previously, any potential assessment of statutory penalties or attorney fees should account for amounts already paid by Travelers to Scott and any credits to which Travelers is entitled.

We note that on remand the calculation of penalties, if any, should be guided by our recent decision in 
McMahan v. Industrial Comm'n
, No. 84057 (October 22, 1998), which overruled in part 
Childress v. Industrial Comm'n
, 93 Ill. 2d 144 (1982). Still, because the section 16 attorney fees and section 19(k) and 19(l) penalties initially assessed against Travelers are not compensation, but penalties, they should not be included in the basis for computing a subsequent award of statutory penalties and attorney fees.

As a final matter, Scott argues that she should be allowed to recover more than one penalty under section 19(k) if the Commission finds on remand that Travelers has violated more than one of the provisions contained in this section. We find no support for Scott's argument in the language of the statute. Section 19(k) provides a specific method for calculating additional compensation: “the Commission may award compensation additional to that otherwise payable under this Act equal to 50% of the amount payable at the time of such award.” 820 ILCS 305/19(k) (West 1994). Thus, even if several violations of section 19(k) have occurred, the statute provides a single means of calculating the penalty.

CONCLUSION

For the forgoing reasons, the judgment of the appellate court affirming the circuit court is affirmed in part and reversed in part. The judgment of the circuit court confirming the Commission's decision is affirmed in part and reversed in part. This cause is remanded to the Commission with directions to: (1) determine the credits Travelers is entitled to for amounts received by Scott in the third-party settlement; and (2) determine whether Travelers is liable for penalties for having filed a petition for leave to file a special and limited appearance and a motion for a determination that it was not fully liable for amounts previously awarded in 
Scott I
, and if so, in what amounts. If penalties are found to be appropriate, the Commission is directed to calculate those penalties consistent with the views expressed in this opinion.

Appellate court judgment affirmed in part

and reversed in part
;

circuit court judgment affirmed in part

and reversed in part
;

cause remanded
.

JUSTICE HARRISON, dissenting:

The General Assembly has mandated that the circuit court is the proper body to protect an employer's right of reimbursement under section 5(b) of the Workers' Compensation Act (Ill. Rev. Stat. 1985, ch. 48, par. 138.5(b)). The law does not envisage any role for the Industrial Commission in the protection of such rights. 
Freer v. Hysan Corp.
, 108 Ill. 2d 421, 426 (1985). It is a matter for the courts alone. Accordingly, the circuit and appellate courts were correct in holding that the Industrial Commission has no authority to reduce Travelers' liability under section 5(b). 

The distinction my colleagues attempt to draw between section 5(b) liens and section 5(b) credits is spurious. Nothing in the text of the law, the practice of the Industrial Commission or the precedent of this court supports the majority's analysis. Section 5(b) provides employers and their insurance companies with only one avenue for obtaining reimbursement for the compensation they have paid, and that is through the courts. An employer can assert a lien when a third-party action has been brought by or on behalf of the employee, or, if no such action is brought, the employer can bring his own third-party action and deduct from the proceeds an amount equal to what he has paid in compensation. There are no other alternatives under the law.

If Travelers wanted to protect its rights under section 5(b), it should not have withdrawn as intervenor in the third-party wrongful-death action filed by the administrator of the decedent's estate. The assertion of worker's compensation liens is not compulsory. Such liens can be and often are waived. By withdrawing as intervenor and forsaking any other judicial enforcement of its lien, Travelers effectuated such a waiver. No equities command us to relieve the company from the consequences of its decision. To the contrary, Travelers' conduct in these proceedings has been singularly obstructionist, unreasonable and vexatious. 

Travelers' liability was fixed by the Industrial Commission, confirmed by the circuit court and upheld by appellate court in 
Scott I. 
Having withdrawn from the third-party wrongful-death action, the company had no lawful basis for unilaterally withholding any of the payments it was ordered to make. Its attempt to reinvoke the jurisdiction of the Industrial Commission is merely another ploy to avoid its obligations and should not be permitted.

The majority's disposition must fail for another reason as well. By authorizing the Industrial Commission to grant post-judgment credits, my colleagues' decision today permits an administrative agency of the executive branch of government to relieve a party from the obligations imposed upon it by valid judgments of the circuit and appellate courts. In effect, the administrative agency is granted the authority to modify the court's judgment. This is an improper intrusion on the court's constitutionally based judicial authority and violates the separation of powers doctrine.

JUSTICES HEIPLE and NICKELS join in this dissent.