Robert A. **VOLPONE**, Plaintiff,

v.

Louis **CALDERA**, Secretary, Department of the Army, Defendant.

No. CIV.A. 99–892–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

Oct. 26, 1999.

Frank G. Aschmann, Aschmann & Aschmann, Alexandria, VA, for Plaintiff.

Joel Wilson, U.S. Atty's Office, Alexandria, VA, for Defendant.

## *MEMORANDUM OPINION AND ORDER*

LEE, District Judge.

THIS MATTER comes before the Court on Defendant Department of the Army's Motion to Dismiss or, Alternatively, for Summary Judgment. Specifically, Defendant's motions seek dispositive treatment of Plaintiff Ronald A. Volpone's ("Volpone") complaint pursuant to the following Federal Rules of Civil Procedure ("FRCP"): (1) FRCP 12(b)(6), for Plaintiff's failure to state a claim upon which relief can be granted;

and (2) FRCP 56(c), for summary judgment. The issue presented is whether this Court should grant either of Defendant's motions, where Plaintiff alleges sex discrimination in violation of Title VII of the Civil Rights Act of 1964, but has failed to provide evidence of the requisite adverse "personnel action" and exhaust appropriate administrative remedies.

For the reasons stated below, the Court grants Defendant's motions for dismissal and summary judgment.

## I. Background

Plaintiff Volpone is a GS–12 Electronics Engineer for the Department of the Army, located at Fort Belvoir, Virginia. He alleges that he was discriminated against when the Department of the Army failed to adequately address and prevent sexual harassment by a female co-worker, and again when the Department of the Army moved the alleged harassing party closer to Plaintiff in the office.

On or around June 2, 1994, Ms. Theresa Cline ("Cline") complained to her supervisor that Volpone was harassing her. During an informal review, both Cline and Volpone indicated that they wanted to stay away from each other, and management instructed them accordingly. After some period of time, Volpone complained that management was not doing enough to keep Cline away from him. He offered several proposals to management to further separate him from Cline during the work day.

Volpone then made an informal complaint to the Equal Employment Office ("EEO"), which investigated the issue of whether he was discriminated against because of his sex when management failed to take action at his request to stop Cline's alleged harassment. When the inquiry did not resolve the matter to Volpone's satisfaction, he filed a formal complaint of discrimination with the EEO on November 7, 1994. His complaint alleged that he had asked management to take action so that he "would not be continuously accused of various things." Def.'s Mem. Supp. Mot. Dismiss or Summ. J. Ex. 10 (Pl.'s Formal Compl. of Discrimination).

On January 13, 1995, the Office of Complaint Investigations ("OCI") appointed an investigator to consider whether Volpone was discriminated against on the basis of his sex when management failed to take sufficient action to address his harassment complaint. Prior to the commencement of the OCI investigation, Volpone filed another formal complaint with the EEO on January 24, 1995, which resulted in an expansion of the OCI investigation to include the issue of whether management, in reprisal against Volpone, had failed to keep Cline away from him.

Volpone did not lodge a complaint about a sexually hostile work environment in the EEO process. And this issue was not investigated by the EEO or OCI offices. Similarly, Volpone never made a separate complaint to management about Cline harassing him, other than in his responses to Cline's complaint.

During the OCI investigation, however, Volpone did allege that a supervisor moved Cline "real close." *Id.* Ex. 1 at 26 (Tr. of OCI Fact Finding Conference). Furthermore, he complained that "[n]ow, she's not only in and out of the parking lot at lunch time, but all day, okay, I'm bumping into her." *Id.* Ex. 1 at 73 (Tr. of OCI Fact Finding Conference). The move, however, was previously planned. During the OCI Fact Finding Conference, even Volpone acknowledged that Cline's move into the same building had been planned for a long time and was not done in reprisal against him. *See id.* Ex. 1 at 68–69, 71 (Tr. of OCI Fact Finding Conference). A supervisor confirmed that Cline was moved along with her entire working group so they could be consolidated in the main operations center. *See id.* Ex. 4 at 236–38 (Tr. of Mr. Ronald Petrie's Testimony).

On March 8, 1995, OCI issued Findings and Recommendations, concluding that management did not discriminate or act in reprisal against Volpone. *See id.* Ex. 15, pt. 1, ¶ A (OCI Report of Investigation). Volpone then requested a hearing before an administrative judge, who ultimately issued a recommendation without a hearing, also finding that no discrimination had taken place. *See id.* Ex. 8 at 12–13 (Administrative Judge's Findings and Conclusions). The Agency

adopted the judge's decision as the Final Agency Decision.

Nonetheless, Plaintiff appealed to the Equal Employment Opportunity Commission ("EEOC"), Office of Federal Operations ("OFO"), which affirmed the findings of no gender discrimination and no reprisal. *See id.* Ex. 9 at 5 (EEOC Decision Sept. 25, 1998).

### A. Defendant's Argument

Defendant contends that Plaintiff's complaint does not state a cause of action for sex discrimination under Title VII, and that there are no genuine facts in dispute. The case, according to Defendant, is therefore ripe for dismissal via FRCP 12(b)(6) or, in the alternative, summary judgment via FRCP 56(c).

First, Defendant argues that Plaintiff has failed to establish disparate treatment. Defendant explains that Plaintiff did not spontaneously go to management and complain about sexual harassment by Cline. Instead, when he heard that Cline had complained about him, he went to talk with management to find out what paperwork had been submitted or what Cline was claiming—merely to rebut her accusations. Defendant submits that both Cline's and Plaintiff's complaints and responses were treated equally by management.

With regard to Plaintiff's Title VII reprisal claim, Defendant argues that a prima facie case is established by proving that (1) Plaintiff participated in a statutorily protected activity, (2) thereafter, the agency took an adverse employment action, and (3) there is a causal connection between the participation in the protected activity and the adverse action. Defendant contends that Plaintiff has failed to establish a prima facie case of reprisal because he was not subject to any adverse personnel action. The action that forms the basis of the complaint is that Cline was moved into the same building Plaintiff worked in. Defendant argues that this is not an adverse personnel action by Title VII standards.

Defendant next argues that Plaintiff has failed to show he exhausted administrative remedies. Defendant submits that federal employees must exhaust mandatory administrative procedures and time provisions that are "preconditions" to their right to file an employment discrimination suit. Defendant submits that Plaintiff did not make the slightest mention of any claim that he was the victim of sexual harassment by Cline in his complaint. Plaintiff's complaint focused entirely on *Cline's* allegations against him.

Moreover, Defendant emphasizes that it has offered legitimate, nondiscriminatory reasons for Cline's office move—specifically, it was a pre-planned/management relocation of her entire work group for business convenience. Defendant argues that Plaintiff has failed to produce any evidence during the course of the administrative process sufficient to create the inference that the articulated reasons for Defendant's actions were a pretext for discrimination.

### B. Plaintiff's Response

In response to Defendant's motion, Plaintiff argues that the case presents a large body of facts that span a considerable period of time, many of which are in dispute. Additionally, Plaintiff alleges that the Defendant has been uncooperative in producing information, withholding some relevant documents and information. As such, Plaintiff submits that Defendant's motion for either dismissal or summary judgment should be denied.

First, Plaintiff argues that his work environment was hostile and "intolerable," and that he complained about Cline's "harassment" to his supervisor. By Plaintiff's account, the supervisor refused to accept and act on the complaint. Moreover, Plaintiff alleges that his supervisor indicated that Plaintiff could not be a victim of sexual harassment by a female because of his gender. Plaintiff argues that these issues are material facts in dispute, which render the case inappropriate for summary judgment.

Next, Plaintiff argues he is aggrieved because an employee is entitled to a work environment free from sexual harassment. Plaintiff vigorously contends that Defendant's management was unwilling to take his claim seriously, and tried to "sweep the claim under the rug," so to speak. He alleges that

all of Cline's actions were part of a "campaign of retribution" undertaken by her after Plaintiff rejected her advances. He also submits that it is irrelevant that management's move of Cline closer to Plaintiff was pre-planned.

## II. Applicable Standards of Review

### A. Dismissal Pursuant to FRCP 12(b)(6)

The purpose of a motion under FRCP 12(b)(6) is to test the formal sufficiency of the statement of the claim; it is not a procedure for resolving a contest about the facts or merits of the case. See generally Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729 (9th Cir.1987). Therefore, the provision must be read in conjunction with FRCP 8(a), which outlines the requirements for federal court pleadings. Specifically, FRCP 8(a)(2) states that a "pleading which sets forth a claim for relief ... shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

When determining whether to grant a 12(b)(6) motion, the court should consider only the allegations in the complaint, along with any matters of public record, orders, and exhibits attached to the complaint. See 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1356 (2d ed.1990). While motions to dismiss via FRCP 12(b)(6) are viewed with disfavor, rarely granted, and construed in the light most favorable to the non-movant, see id., the Court should not accept as true allegations that are unsupported and conclusory. See Labram v. Havel, 43 F.3d 918 (4th Cir.1995).

### B. Summary Judgment via FRCP 56(c)

Pursuant to FRCP 56(c), a court should grant summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(c).

Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. See Matsushita Elec. In-dus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The mere existence of some alleged factual dispute between the parties, however, will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Furthermore, a party opposing summary judgment may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial. See FED. R. CIV. P. 56(e). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson, 477 U.S. at 248, 106 S.Ct. 2505. As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. See id.

## III. Analysis

Summary judgment may be granted based upon facts developed during the administrative proceedings, the pleadings, and the supplemental affidavits. See Lujan v. Nat'l Wildlife Federation, 497 U.S. 871, 884, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990); Simmons v. Marsh, 690 F.Supp. 1489, 1491 n. 12 (E.D.Va.1988) (extensive Army administrative record pertinent to summary judgment analysis). In Ross v. Communications Satellite Corp., a Title VII case, the Court of Appeals for the Fourth Circuit held that unsupported allegations as to motive do not confer "talismanic immunity from Rule 56." Ross v. Communications Satellite Corp., 759 F.2d 355, 365 (4th Cir.1985). The existence of specific material facts must be shown.

In the instant case, Plaintiff has not offered evidence adequate to create an inference that an adverse employment decision was based on a discriminatory criterion illegal under the Act. See Int'l Brh'd of Teamsters v. United States, 431 U.S. 324, 358, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977). The ultimate burden of persuading the trier of fact that the Defendant intentionally discrimi-

nated lies with the Plaintiff. *See Jamil v. Secretary, Dept. of Defense,* 910 F.2d 1203, 1206 (4th Cir.1990).

### A. Adverse Personnel Action

A prima facie case of discrimination requires evidence that (1) Plaintiff is a member of a protected class, (2) Plaintiff was subject to some adverse personnel action, and (3) other similarly situated employees outside of his protected class were treated differently. *Cf. Cook v. CSX Transportation Corp.,* 988 F.2d 507, 511 (4th Cir.1993).

In conjunction with this test, a Plaintiff must identify an act of discrimination with respect to a personnel action adversely affecting employment. *See* 42 U.S.C.A. § 2000e–2(a) (1994). Such action includes "ultimate employment decisions such as hiring, granting leave, discharging, promoting, and compensating." *Page v. Bolger,* 645 F.2d 227, 233 (4th Cir.1981) (en banc).

Yet, Plaintiff's allegations raise no issues regarding "personnel actions" within Title VII of the Civil Rights Act of 1964. Instead, they focus on Defendant's treatment of a series of charges stemming from Plaintiff's relationship with Cline. "Title VII was designed to address ultimate employment decisions, not to address every decision made by employers that arguably might have some tangential effect upon those ultimate decisions." *Demuren v. Old Dominion University,* 33 F.Supp.2d 469, 484 (E.D.Va.1999) (quoting *Dollis v. Rubin,* 77 F.3d 777, 781–82 (5th Cir.1995)). Furthermore, Plaintiff was not subject to any "adverse" personnel action. The action that forms the basis of the complaint is that Cline was moved into the same building he worked in. This is not an adverse personnel action by Title VII standards.

 Additionally, Defendant has offered legitimate, nondiscriminatory reasons for Cline's move—specifically, its pre-planned nature and the management rationale for the geographic change. *See supra* Part I. And Plaintiff has failed to produce any evidence during the course of the administrative process sufficient to create the inference that the articulated reasons for Defendant's actions were a pretext for discrimination.

### B. Exhaustion of Administrative Remedies

 Finally, Plaintiff has failed to show that he exhausted administrative remedies with regard to any claim that he was subject to sexual harassment. Federal employees must timely exhaust the mandatory administrative procedures and time provisions which are "preconditions" on their right to file an employment discrimination suit. *See Brown v. General Services Administration,* 425 U.S. 820, 829–32, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976).

An employee alleging discrimination in federal court "must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory." 29 C.F.R. § 1614.105(a)(1) (1999). Also, such an employee must file a complaint with the agency which allegedly discriminated against the employee within 15 days of receiving notice of his right to do so from the EEO counselor. *See* 29 C.F.R. § 1614.106(b) (1999). Plaintiff did not give the slightest mention of any claim of sexual harassment by Cline in his EEO complaint. The complaint focused entirely on *her* allegations against him. Accordingly, it failed to comply with the preliminary administrative requirements.

### IV. Conclusion

For the reasons set forth above, Plaintiff's Motions for Dismissal and Summary Judgment are hereby GRANTED.

The Clerk is directed to forward a copy of this Order to counsel of record.